## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

|  |  |
|---|---|
| HANNAH CRAMER, individually and on behalf of all other persons similarly situated who were employed by CLUB ROUGE; DADDY RABBITS; CANDY BAR; PAPER MOON; PURE PLEASURE  and/or any other entities affiliated with or controlled by CLUB ROUGE; DADDY RABBITS; CANDY BAR; PAPER MOON; or PURE PLEASURE, | **Case No.:   3:18cv00039** |
| Plaintiffs, | |
| v. | **CLASS ACTION COMPLAINT** |
| ARKESIA, INC. d/b/a CLUB ROUGE 1501 East Main St, Richmond, Virginia 23219 | **Jury Trial** |
| CIRCLE 2, INC. d/b/a DADDY RABBITS 3206 Broad Rock Boulevard, Richmond, Virginia 23224 | |
| CIRCLE 2, INC. d/b/a CANDY BAR; 218 East Main Street, 2nd Floor Richmond, Virginia, 23219 | |
| IMAGINARY IMAGES, INC. d/b/a PAPER MOON; 3300 Norfolk Street, Richmond, Virginia 23230 | |
| M.G.B., INC. d/b/a PURE PLEASURE 68 Labrook Concourse A Richmond, Virginia 23224 | |
| and/or any other entities affiliated with or controlled by CLUB ROUGE; DADDY RABBITS; CANDY BAR; PAPER MOON; or PURE PLEASURE; | |
| and | |
| WILLIAM ANDREAS PYLIARIS 5306 West Grace Street, Richmond, Virginia 23226, | |
| Defendants. | |

Plaintiffs, by their attorneys, Beins, Axelrod, P.C., and Virginia & Ambinder, LLP allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.     This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b), and the Virginia Payment of Wage Law, §  40.1-29 of the Code of Virginia, to recover unpaid minimum wages and overtime and improperly withheld wages owed to Plaintiffs and all similarly situated persons (collectively the "putative class") who are presently or were formerly employed by ARKESIA, INC. d/b/a CLUB ROUGE; CIRCLE 2, INC. d/b/a DADDY RABBITS; CIRCLE 2, INC. d/b/a CANDY BAR; IMAGINARY IMAGES, INC. d/b/a PAPER MOON; M.G.B., INC. d/b/a PURE PLEASURE and/or any other entities affiliated with or controlled by CLUB ROUGE; DADDY RABBITS; CANDY BAR; PAPER MOON; or PURE PLEASURE; and WILLIAM ANDREAS PYLIARIS, individually (hereinafter collectively referred to as "Defendants").

2.     Defendants operate adult entertainment establishments throughout the Richmond, Virginia metropolitan area under the names "Club Rouge," "Daddy Rabbits," "Candy Bar," "Paper Moon," and "Pure Pleasures" (hereinafter collectively referred to as the "Clubs").

3.     Increasingly, entertainers at adult clubs similar to the Clubs have made some strides by winning recognition as employees and otherwise protecting their workplace rights, including in cases prosecuted by the United States Department of Labor. *See, e.g.*, *Reich v. Circle C Invs.*, 998 F.2d 324, 326-29 (5th Cir. 1993) (upholding trial court's determination that adult club dancers are employees within the meaning of the Fair Labor Standards Act); *Diaz v. Scores Holding Co.*, No. 07 Civ. 8718, 2008 U.S. Dist. LEXIS 38248, at *6 (S.D.N.Y. May 9, 2008) (conditionally certifying Fair Labor Standards Act collective of entertainers and other workers at New York City adult night club and authorizing notice to putative members of the collective); *Whiting v. W & R*

*Corp.*, No. 2:03-0509, 2005 U.S. Dist. LEXIS 34008, at *6-9 (S.D. W. Va. Apr. 18, 2005) (denying defendant's motion for summary judgment in wage and hour case brought by dancer at exotic dance club); *Harrell v. Diamond A Entm't, Inc.*, 992 F. Supp. 1343, 1347-54 (M.D. Fla. 1997) (holding that dancer at adult night club was employee for purposes of the Fair Labor Standards Act); *Reich v. Priba Corp.*, 890 F. Supp. 586, 594 (N.D. Tex. 1995) (after bench trial, finding dancers at adult night club were employees for purposes of the Fair Labor Standards Act in case brought by the Department of Labor); *Donovan v. Tavern Talent & Placements, Inc.*, Civ. No. 84-F-401, 1986 U.S. Dist. LEXIS 30955, at *6-7 (D. Colo. Jan. 8, 1986) (holding that night club operators employed dancers and violated their rights as tipped employees); *Chaves v. King Arthur's Lounge, Inc.*, No. 07-2505, 2009 Mass. Super. LEXIS 298, at *19-20 (Mass. Super. Ct. July 30, 2009) (holding defendant bar/lounge misclassified exotic dancers as independent contractors under Massachusetts law); *Smith v. Tyad, Inc.*, 209 P.3d 228, 231-34 (Mont. 2009) (upholding state wage enforcement agency's finding that exotic dancers are employees and upholding agency's authority to deem deduction of "stage fees" unlawful requiring reimbursement).

4.      Defendants regularly deprived Plaintiff and other similarly situated members of the putative class of their rights under federal and Virginia wage and hour laws, including their right to be paid proper minimum wages, their right to be paid proper overtime compensation, their right to keep earned customer gratuities, and their right to work without paying "house fees" and other fees.

5.      This lawsuit seeks to force Defendants to pay its entertainers all the wages they have earned and to allow them to keep all the tips they earn, as federal and state law require.

6.      Beginning in approximately January of 2015 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to pay

Plaintiff and other similarly situated putative class members minimum wages and overtime compensation as required by applicable federal and state law.

7.      Beginning in approximately January of 2015 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of improperly deducting or assessing "fines," "fees," and miscellaneous improper surcharges from the Plaintiff and other Class members' wages.

8.      Beginning in approximately January of 2015 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of improperly withholding earned gratuities from the Plaintiff and members of the putative class.

9.      Under the direction of William Andreas Pyliaris, Defendants instituted this practice of depriving their employees of the basic compensation for work performed as mandated by federal and state law.

10.     Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including minimum wages and overtime compensation, as well as improper deductions from wages, which they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

11.     Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

12.     Venue for this action in the Eastern District of Virginia under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Virginia.

13.     Pursuant to Local Rule 3(C), this case is properly filed in the Richmond Division

of the Eastern District of Virginia because a substantial part of the events or omissions giving rise to the claims occurred within the geographical territory set forth for the Richmond Division in Local Rule 3(B)(4).

## THE PARTIES

14.     Plaintiff HANNAH CRAMER is an individual who is currently employed by Defendants as an entertainment employee.

15.     Upon information and belief, Defendant ARKESIA INC. d/b/a CLUB ROUGE is a business corporation under the laws of the State of Virginia, with its principal place of business at 1501 East Main St, Richmond, Virginia 23219, and is engaged in the adult entertainment business.

16.     Upon information and belief, Defendant CIRCLE 2, INC. d/b/a DADDY RABBITS is a business corporation incorporated under the laws of the State of Virginia, with its principal place of business 3206 Broad Rock Boulevard, Richmond, Virginia 23224, and is engaged in the adult entertainment business.

17.     Upon information and belief, Defendant CIRCLE 2, INC. d/b/a CANDY BAR is a business corporation incorporated under the laws of the State of Virginia, with its principal place of business 218 East Main Street 2nd Floor, Richmond, Virginia, 23219, and is engaged in the adult entertainment business.

18.     Upon information and belief, Defendant IMAGINARY IMAGES, INC. d/b/a PAPER MOON is a business corporation incorporated under the laws of the State of Virginia, with its principal places of business 3300 Norfolk Street, Richmond, Virginia 23230 and 6710 Midlothian Turnpike, Richmond, Virginia 23225, and is engaged in the adult entertainment business.

19.     Upon information and belief, Defendant M.G.B., INC. d/b/a/ PURE PLEASURE

is a business corporation incorporated under the laws of the State of Virginia, with its principal place of business 68 Labrook Concourse A, Richmond, Virginia 23224, and is engaged in the adult entertainment business.

20.     Upon information and belief, Defendant WILLIAM ANDREAS PYLIARIS is a resident of 5306 West Grace Street, Richmond, Virginia 23226, and is, and at all relevant times was, an officer, director, president, vice president, and/or owner of the Clubs.

## CLASS ALLEGATIONS

21.     This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a Class under Rule 23 of the Federal Rules of Civil Procedure.

22.     This action is brought on behalf of Plaintiffs and a class consisting of similarly situated employees who performed work for Defendants as entertainment employees.

23.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

24.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

25.     The claims of the named Plaintiffs are typical of the claims of the putative class.

26.     Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

27.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FACTS

28.     Upon information and belief, beginning in or about 2015, Defendants engaged

Plaintiff and other members of the putative class at the Clubs as entertainers.

29.     Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, the Clubs constitute "enterprise[s] engaged in commerce."

30.     Upon information and belief, while working for Defendants, Plaintiffs and the members of the putative class were regularly required to perform work for Defendants, without receiving minimum wages and overtime compensation as required by applicable federal and state law.

31.     Upon information and belief, Plaintiffs and all members of the putative class constituted "employees" of Defendants as that term is defined by 29 U.S.C. § 203(e).

32.     Upon information and belief, Defendants engaged in a regular pattern and practice of making deductions from the earned wages of or otherwise fining Plaintiffs and other members of the putative class for reasons other than those allowed under Virginia Payment of Wage Law, § 40.1-29 of the Code of Virginia, in violation of said section. These deductions *include but are not limited to* deductions from gratuities provided by Defendants' patrons in violation of Virginia law; "house fees;" and other improper deductions.

33.     Upon information and belief, while working for Defendants, Plaintiffs and the members of the putative class did not receive all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

34.     Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and applicable State law by failing to maintain proper and complete timesheets or payroll records.

35.     Upon information and belief, Defendant William Andreas Pyliaris was an officer, director, shareholder, and / or president or vice president of the Clubs, and (i) had the power to

hire and fire employees for those entities; (ii) supervised and controlled employee work schedules or conditions of employment for those entities; (iii) determined the rate and method of payment for Defendants' employees; and (iv) maintained employment records for the Clubs.

36.     Upon information and belief, Defendant William Andreas Pyliaris dominated the day-to-day operating decisions of the Clubs, made major personnel decisions for the Clubs, and had complete control of the alleged activities of the Clubs which give rise to the claims brought herein.

37.     Upon information and belief, Defendant William Andreas Pyliaris was a supervisor, officer and/or agent of the Clubs, who acted directly or indirectly in the interest of the Clubs, and is an employer within the meaning of the Fair Labor Standards Act. William Andreas Pyliaris, in his capacity as an officer, director, shareholder, and / or president or vice president, actively participated in the unlawful method of payment for the Clubs' employees.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS:
## FLSA MINIMUM WAGE COMPENSATION

38.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 36 hereof.

39.     Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day."

40.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public

agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

41.     Plaintiffs and other members of the putative class are employees, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

42.     The Clubs constitute employers within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

43.     Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, William Andreas Pyliaris constitutes as an "employer" for the purpose of FLSA and, consequently, is liable for violations of FLSA.

44.     Upon information and belief, Defendants failed to pay Plaintiffs and other members of the putative class all earned minimum wages for all of the time they worked for Defendants in any given week.

45.     The failure of Defendants to pay Plaintiffs and other members of the putative class their rightfully owed wages was willful.

46.     By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS: FLSA OVERTIME COMPENSATION

47.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 45hereof.

48.     Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the

production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

49.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

50.     Plaintiffs and other members of the putative class are employees, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

51.     The Clubs constitute employers within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

52.     Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, William Andreas Pyliaris constitutes as an "employer" for the purpose of FLSA and, consequently, is liable for violations of FLSA.

53.     Upon information and belief, Defendants failed to pay Plaintiffs and other members of the putative class all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

54.     The failure of Defendants to pay Plaintiffs and other members of the putative class their rightfully owed wages and overtime compensation was willful.

55.     By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS:
### <u>VIRGINIA PAYMENT OF WAGE LAW</u>

56.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 54 hereof.

57.     Gratuities provided by Defendants' patrons to Plaintiffs and other members of the putative class constitute "wages" within the meaning of the Code of Virginia, § 40.1-29 *et seq.*

58.     Pursuant to Virginia Payment of Wage Law, § 40.1-29 of the Code of Virginia, "No employer shall withhold any part of the wages or salaries of any employee except for payroll, wage or withholding taxes or in accordance with law, without the written and signed authorization of the employee."

59.     By improperly withholding portions of gratuities provided to Plaintiffs and other members of the putative class, Defendants violated Virginia Payment of Wage Law, § 40.1-29 of the Code of Virginia.

60.     By improperly charging Plaintiffs and other members of the putative class for surcharges and fees *including but not limited to* "house fees" and other improper deductions, Defendants violated Virginia Payment of Wage Law, § 40.1-29 of the Code of Virginia by making improper deductions from the wages of Plaintiffs and other members of the putative class for reasons other than those allowed under § 40.1-29.

61.     Upon information and belief, Defendants' improper withholding of wages and gratuities earned by Plaintiffs and other members of the putative class was willful.

62.     By the foregoing reasons, Defendants have violated Virginia Payment of Wage Law, § 40.1-29 of the Code of Virginia *et seq.* and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:
## VIRGINIA MINIMUM WAGE ACT

63.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 61

hereof.

64.     Pursuant to Code of Virginia § 40.1-28.10, "[e]very employer shall pay to each of his employees wages at a rate not less than the federal minimum wage."

65.     Plaintiff, and others similarly situated, constitute "employees" within the meaning of Code of Virginia § 40.1-28.9.

66.     Defendants constitute "employers" within the meaning of Code of Virginia § 40.1-28.9.

67.     Upon information and belief, Defendants failed to pay Plaintiffs and other members of the putative class all earned minimum wages for all of the time they worked for Defendants in any given week.

68.     The failure of Defendants to pay Plaintiffs and other members of the putative class their rightfully owed wages was willful.

69.     By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees and costs

70.     Gratuities provided by Defendants' patrons to Plaintiffs and other members of the putative class constitute "wages" within the meaning of  the Code of Virginia, § 40.1-29 *et seq.*

**WHEREFORE**, Plaintiffs, individually and on behalf of all other persons similarly situated who were employed by ARKESIA, INC. d/b/a CLUB ROUGE; CIRCLE 2, INC. d/b/a DADDY RABBITS; CIRCLE 2, INC. d/b/a CANDY BAR; IMAGINARY IMAGES, INC. d/b/a PAPER MOON; M.G.B., INC. d/b/a PURE PLEASURE and/or any other entities affiliated with or controlled by CLUB ROUGE; DADDY RABBITS; CANDY BAR; PAPER MOON; or PURE PLEASURE demand judgment:

(1) on their first cause of action, against Defendants ARKESIA, INC. d/b/a CLUB ROUGE; CIRCLE 2, INC. d/b/a DADDY RABBITS; CIRCLE 2, INC. d/b/a CANDY BAR; IMAGINARY

IMAGES, INC. d/b/a PAPER MOON; M.G.B., INC. d/b/a PURE PLEASURE and/or any other entities affiliated with or controlled by CLUB ROUGE; DADDY RABBITS; CANDY BAR; PAPER MOON; or PURE PLEASURE;  and WILLIAM ANDREAS PYLIARIS, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs,

(2) on their second cause of action against Defendants ARKESIA, INC. d/b/a CLUB ROUGE; CIRCLE 2, INC. d/b/a DADDY RABBITS; CIRCLE 2, INC. d/b/a CANDY BAR; IMAGINARY IMAGES, INC. d/b/a PAPER MOON; M.G.B., INC. d/b/a PURE PLEASURE and/or any other entities affiliated with or controlled by CLUB ROUGE; DADDY RABBITS; CANDY BAR; PAPER MOON; or PURE PLEASURE; and WILLIAM ANDREAS PYLIARIS, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3) on their third cause of action against ARKESIA, INC. d/b/a CLUB ROUGE; CIRCLE 2, INC. d/b/a DADDY RABBITS; CIRCLE 2, INC. d/b/a CANDY BAR; IMAGINARY IMAGES, INC. d/b/a PAPER MOON; M.G.B., INC. d/b/a PURE PLEASURE and/or any other entities affiliated with or controlled by CLUB ROUGE; DADDY RABBITS; CANDY BAR; PAPER MOON; or PURE PLEASURE; and WILLIAM ANDREAS PYLIARIS, in an amount to be determined at trial, interest, attorneys' fees, and costs, pursuant to the cited Virginia Payment of Wage Law sections;

(4) on their fourth cause of action against ARKESIA, INC. d/b/a CLUB ROUGE; CIRCLE 2, INC. d/b/a DADDY RABBITS; CIRCLE 2, INC. d/b/a CANDY BAR; IMAGINARY IMAGES, INC. d/b/a PAPER MOON; M.G.B., INC. d/b/a PURE PLEASURE and/or any other entities affiliated with or controlled by CLUB ROUGE; DADDY RABBITS; CANDY BAR; PAPER MOON; or PURE PLEASURE; and WILLIAM ANDREAS PYLIARIS, in an amount to be

determined at trial, interest, attorneys' fees, and costs; and

(5) whatever other and further relief the Court may deem appropriate.

Dated: Washington, DC
       January 16, 2018

Respectfully submitted,


_____/s/_____
Justin P. Keating
VA Bar #75880

BEINS, AXELROD, P.C.
1030 15th St., NW
Suite 700 East
Washington, DC 20005
202.328.7222
202.328.7030
jkeating@beinsaxelrod.com


Lloyd R. Ambinder (*Pro Hac Vice* Pending)
LaDonna Lusher (*Pro Hac Vice* Pending)
VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel:    (212) 943-9080
Fax:    (212) 943-9082
lambinder@vandallp.com
llusher@vandallp.com


**COUNSEL FOR PLAINTIFFS AND
PUTATIVE CLASS**