**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **HANNAH CRAMER** | |
| **PLAINTIFF,** | |
| **V.** | **Case No. 3:18-cv-00039** |
| **ARKESIA, INC. d/b/a CLUB ROUGE,** | |
| **DEFENDANT.** | |

**DEFENDANT'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE**

COMES NOW Defendant Arkesia, Inc. d/b/a Club Rouge ("Club Rouge"), by and through

the undersigned legal counsel, and pursuant to Rule 12(b)(1), Rule 12(b)(6), Rule 12(f), and Rule

23 of the Federal Rules of Civil Procedure, hereby file this Memorandum in Support of its Motion

to Dismiss and Motion to Strike.

## I.    INTRODUCTION

In the Complaint, the Plaintiff fails to allege which Defendants she worked for, and as a

result, she is unable to establish an injury-in-fact against each of the named Defendant.  Without

an alleged cause of action, the Plaintiff does not have standing to sue the individual Defendants

and consequently deprives the Court of subject matter jurisdiction.

A review of Plaintiff's Complaint also reveals that Plaintiff arrives at this battle armed with

nothing more than conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Plaintiff alleges in

formulaic fashion that Defendants violated the Fair Labor Standards Act ("FLSA") and the

Virginia Wage Payment Act but does not allege any facts to establish a plausible claim, or

sufficient facts for this action to proceed on a class or collective basis.  Plaintiff's Complaint

requires Defendants and this Court to speculate about what purported policy or practice is at issue and how that policy or practice allegedly resulted in Plaintiff and other similarly-situated entertainers not being paid for hours worked or having improper deductions made from their pay. Plaintiff fails to satisfy the minimum pleading requirements for these claims.

Plaintiff also provides no factual statement as to how Plaintiff is similarly-situated to proposed putative class members. Plaintiff states in a conclusory fashion that she and the putative class members are similarly situated. This critical pleading flaw is sufficient grounds to strike Plaintiff's collective action claims. Plaintiff should not be permitted to convert her individual claims into a collective action by merely pleading that some unspecified policy or practice caused her and some other entertainers not to be compensated at or above minimum wage.

Further, the boundaries of this alleged putative class are completely undefined. Plaintiff alleges that all non-exempt "entertainment" employees are similarly situated. Plaintiff fails to identify how other entertainer positions at entirely different locations with different duties, schedules and hours of work are somehow similarly-situated to her own. To the extent the Plaintiff is attempting to bind Plaintiff other putative class members as "similarly situated" on the basis that they were all subject to the same unidentified policy(s) which somehow resulted in them not receiving "overtime," Plaintiff's Complaint is also deficient. Similarly, the fails to allege that her individual claims are interrelated to and not antagonistic with the Rule 23 class as to ensure fair and adequate representation.

For these reasons and those set forth in more detail below, Defendants move to dismiss Plaintiffs' Complaint with prejudice, or, in the alternative, strike those portions of the Complaint which are not appropriate to the pled collective action.

## II.    PLAINTIFF'S FACTUAL ALLEGATIONS

1.    Plaintiff filed this Complaint on January 16, 2018 asserting vague allegations pursuant to the Fair Labor Standards Act ("FLSA") and the Virginia Payment of Wage Law[1], § 40.1-29, to recover unpaid minimum wage and overtime payments allegedly owed to the Plaintiff and similarly-situated persons ("putative class"), which Plaintiff asserts broadly to have begun in "approximately January of 2015". Compl. ¶¶ 1, 7–8.   The Plaintiff does not specify the date on which she allegedly began to perform at any of the Defendants' facilities, or what weeks, months or years in which she allegedly did so.  Nor does she allege which of the Defendants she was "employed" by in each of those weeks, months, and years.

2.    Plaintiff summarily asserts without detail that she is "currently employed by Defendants as an "entertainment employee" without making any distinction among the corporate Defendants, which presumably means that she is—or was—employed simultaneously by each of the corporate Defendants and performed at each and every Defendants' facility at the same time. However, if Plaintiff did not in fact entertain at the Defendant's location for the entire period of time alleged, and other putative class members did not entertain at the Defendant's facility, Plaintiff does not meet the class representative standard.  Compl. ¶14.

3.    Highlighting further this irreconcilable posture, Plaintiff seeks to serve as the class representative for "all similarly-situated persons who are presently or were formerly employed by Arkesia, Inc. d/b/a Club Rouge; Circle 2, Inc. d/b/a Daddy Rabbits; Circle 2, Inc. d/b/a Candy Bar; Imaginary Images, Inc. d/b/a Paper Moon; MGB, Inc. d/b/a Pure Pleasure and/or any other entities

---

[1] Plaintiff erroneously refers to this statute as the "Virginia Payment of Wage Law," which is properly referenced as the Virginia Wage Payment statute.

affiliated with or controlled by Club Rouge; Daddy Rabbits; Candy Bar; Paper Moon; or Pure Pleasure; and William Andreas Pyliaris." Compl., ¶1

4. Plaintiff's Complaint is devoid of any other specific factual allegations. The remainder of Plaintiff's Complaint is comprised of wholesale legal conclusions and assertions, as well as various reiterations of the same limited alleged "facts" set forth above. Plaintiff has failed to allege how the location of her performance(s), work classifications, position hold, hours and weeks worked, or work duties are similar to those other individuals who may be "similarly situated".

5. Based on these bare allegations, Plaintiff seeks to bring this action for purported violations of the FLSA on a collective/class basis for minimum wages, overtime compensation, liquidated damages, and attorneys' fees and costs.

### III. LEGAL ARGUMENT

#### A. PLAINTIFF LACKS STANDING TO SUE

##### 1. STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a Defendant to move for dismissal of a claim when the court lacks subject matter jurisdiction over the action. *A.W. ex rel Wilson v. Fairfax Cnty. Sch. Bd.*, 548 F. Supp. 2d 219, 221 (E.D. Va. 2008). The Plaintiff bears the burden of proving that jurisdiction exists in federal court. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The court should grant a Rule 12(b)(1) motion to dismiss if the material jurisdictional facts are known and the moving party is entitled to prevail as a matter of law. *Morgan v. Rowe Materials*, LLC, No. 3:08cv576, 2009 U.S. Dist. LEXIS 39902, at *3 (E.D. Va. May 11, 2009) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

## 2. PLAINTIFF LACKS ARTICLE III STANDING TO SUE ESTABLISHMENTS THAT SHE HAS NEVER WORKED AT AND HAS NO CAUSE OF ACTION AGAINST

Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Standing under Article III of the Constitution "is a prerequisite to bringing a suit, and nothing in Fed. R. Civ. P. 23 alters this requirement." *Thompson v. Board of Educ.*, 709 F.2d 1200, 1204 (6th Cir. 1983). As recognized in *Thompson*, a class plaintiff "cannot represent those having causes of action against other defendants whom the plaintiff has no cause of action and from whose hand suffered no injury.' This is true even though the plaintiff may have suffered an injury identical to that of the other parties [she] is representing." 702 F.2d at 1204.

Further, "[i]n the class action context, the Supreme Court has stated that Article III requirements must be met "at the time the complaint is filed, and at the time the class action is certified by the District Court pursuant to Rule 23." *Cent. Wesleyan Coll. v. W.R. Grace & Co.*, 6 F.3d 177, 188 (4th Cir. 1993) (quoting *Sosna v. Iowa*, 419 U.S. 393, 402, 42 L. Ed. 2d 532, 95 S. Ct. 553 (1975)); *see also La Duke v. Nelson*, 762 F.2d 1318, 1325 (9th Cir. 1985) (stating that the issue of standing "is a jurisdictional element that must be satisfied prior to class certification."); *Easter v. Am. W. Fin.*, 381 F.3d 948, 962 (9th Cir. 2004) ("The district court correctly addressed the issue of standing before it addressed the issue of class certification.").

To satisfy standing, "the party invoking federal jurisdiction, bears the burden of establishing [three] elements," meaning "that the plaintiff must have: (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). In a proposed class action, it is the named Plaintiff who must demonstrate that she had standing to

pursue the claims alleged in the Complaint. *See Rosen v. Tenn. Comm'r of Fin. & Admin*, 288 F.3d 918, 927 (6th Cir. 2002).

A class action may be maintained only against Defendants as to whom the class representative has a cause of action, and Plaintiffs "cannot represent a class of whom they are not a a part." *Bailey v. Patterson*, 269 U.S. 31, 32–33 (1962). In addition "a named plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs." *DiFelice v. US Airways, Inc.*, 235 F.R.D. 70, 74 (E.D. Va. 2006) (quoting *Allee v. Medrano*, 416 U.S. 802, 828–29 (1974) (Burger, J., concurring in part and dissenting in part)). Moreover, "standing cannot be acquired through the back door of a class action." *Id.*

If the representative Plaintiff has claims against some but not all of the named Defendants, the action cannot be maintained as a class action against other Defendants. *See*, *e.g.*, *Baltimore Football Club v. Sup. Ct. (Ramco, Inc.)*, Cal.App.3d 352, 358–59 (1985). The Plaintiff "may not use the procedural devise of a class action to bootstrap [herself] into standing [she] lacks..." *Weiner v. Bank of King of Prussia*, 358 F. Supp. 684, 694 (E.D. Pa 1973). Other courts have recognized the same principle. In *Miller v. Pacific Shore Funding*, the District Court explained that "[i]n a multi-defendant action or class action, the named palintiffs must estasblish that they have been harmed by each of the Defendants." 224 F. Supp. 2d 977, 996 (D. Md. 2002); *see also Popoola v. MD-Individual Practice Ass'n*, 230 F.R.D. 424 (D. Md. 2005).

In *Faircloth v. Fin. Asset Secs. Corp. Mego Mortg. Homeowner Loan Trust*, the Fourth Circuit explained that under the juridical link doctrine "the representative of a properly certified class may sue defendants against whom the representative has no direct claim. Those defendants, however, must be linked by way of some 'conspiracy or concerted scheme' with a defendant

against whom the representative does have a direct claim." 87 F. App'x 314, 318 (4th Cir. 2004) (per curiam). However, as the Court noted, "we have yet to recognize [this doctrine] in this circuit," and ultimately, the Court chose not to apply to it to the case at hand. *Id.* Consistently, the District Courts in the Fourth Circuit have rejected this doctrine. *See Popoola v. MD-Individual Practice Ass'n*, 230 F.R.D. 424 (D. Md. 2005); *Dash v. FirstPlus Home Loan Tr. 1996-2*, 248 F. Supp. 2d 489, 504–05 (M.D.N.C. 2003); *In re Mut. Funds Inv. Litig.*, 519 F. Supp. 2d 580, 587 n.9 (D. Md. 2007); *Nixon v. Alan Vester Auto Grp., Inc.*, No. 1:07cv839, 2009 U.S. Dist. LEXIS 10870, at *8–9 (M.D.N.C. Feb. 12, 2009).

In *Popoola*, the Plaintiff "advocate[d] a relaxation of Article III standing requirements" and argued that "OCI and MDIPA are common subsidiaries of the same corporation and because they share common practices and policies, they are related 'in a manner that suggests a single resolution would be expeditious.'" 230 F.R.D. at 431 (citing *La Mar v. H&B Novelty & Loan Co.*, 489 F.2d 461, 466 (9th Cir. 1973)). The District Court noted that "[j]udicial link doctrine 'answers the question of whether two defendants are sufficiently linked so that a plaintiff with a cause of action against only [one defendant] can also sue the other defendant under the guise of class certification.'" 230 F.R.D. at 431 (D. Md. 2005) (citing *In re Eaton Vance Corp. Secs. Litig.*, 220 F.R.D. 162, 165 (D. Mass. 2004)). Ultimately, the Court stated that it was "skeptical" and declined to adopt and apply the doctrine. *Id.* at 431, 433. In support, the Court explained that "Article III standing . . . does not often bend to expediency and the Supreme Court has warned against such an approach." *Id.* at 432 (citing *Eaton Vance*, 220 F.R.D. at 170).

Here, the Plaintiff alleges that she is "currently employed by Defendants as an entertainment employee." Compl ¶ 14. However, the Plaintiff fails to allege specifically which

Defendants she worked for.[2] Presumably, Plaintiff claims that she is—or was—employed simultaneously by each of the named Defendants. However, if Plaintiff did not in fact perform at each of the Defendants' locations for the entire period of time alleged, she does not have standing to sue the Defendants for which she did not work for. Arguably, from the Plaintiff's caption of this case, it is clear that the Plaintiff did not work at each of the locations. If the Plaintiff had performed for all of the Defendants, she would be familiar with the different entities and not suing "and/or other entities affiliated with or controlled by CLUB ROUGE; DADDY RABBITS; CANDY BAR; PAPER MOON, OR PURE PLEASURE." Plaintiff's attempt to circumvent Article III standing is obvious and ignores the established case law by the District Courts of the Fourth Circuit rejecting the juridical link doctrine.

The Plaintiff may claim that the decision in *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410 (6th Cir. 1998) supports her attempt to represent "entertainment employees" from clubs at which she did not work, since the Sixth Circuit Court permitted a plaintiff to represent participants in benefit plans other than his own. *See also*, *Forbush v. J.C. Penny Co., Inc.,* 994 F.2d 1101 (5th Cir. 1993). However, the decisions in *Fallick* and *Forbush* dealt with ERISA cases, and both dealt with the common administration of identical plan language by one Defendant. Moreover, the Court's language in *Fallick* makes in indisputably clear that it is limited to ERISA. Specifically, the Court state "one potential ERISA class representative established his individual standing to sue his ERISA-governed plan, there is no additional constitutional standing requirement related to his suitability to represent the putative class of members of other plans to which he does not belong." *Fallick*, 162 F.3d at 424. Since *Fallick*, courts have confirmed that that the decision rests upon case precedent interpreting ERISA, and thus is not necessarily applicable where ERISA is

---

[2] Upon information and belief, Plaintiff in fact only worked for one Defendant's club.

not at issue. *See, e.g.*, *Eaton Vance*, 220 F.R.D. at 168 (ERISA precedent "was an important factor in the [*Fallick*] court's decision regarding Article III standing."); *Haney v. USAA Cas. Ins. Co.*, 331 F. App'x 223, 227 n.5 (4th Cir. 2009).

Since the Plaintiff fails to establish that she suffered an individual injury from each of the Defendants, she does not have to standing to sue. Without standing, the Court lacks subject matter jurisdiction over this action. Therefore, the Court should grant Defendant's Motion to Dismiss.

**B.** **PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

**1.** **STANDARD OF REVIEW**

To survive a motion to dismiss under Federal Rule 12(b)(6), a Plaintiff is obligated to "provide the grounds of his entitlement to relief," including "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *Qwest Communications Corp. v. Maryland-National Capital Park & Planning Comm'n*, 553 F. Supp. 2d 572, 574 (D. Md. 2008). A complaint may withstand a motion to dismiss if it contains plausible factual allegations that demonstrate something more than the "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. at 668 (2009). Satisfying this obligation "requires more than labels and conclusions…[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Although a court evaluating a Defendant's motion to dismiss must assume that *all facts* alleged in the complaint are true, the court need not accept unsupported legal allegations. *Revene v. Charles County Comm'rs*, 882 F. 2d 870, 873 (4th Cir. 1989). Nor must it accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Conclusory assertions are insufficient to meet the requirements of Rule 12(b)(6). *See Giarratano*, 521 F. 3d at 304.

To pass muster under Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief *above the speculative level*…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. (*emphasis added*) ("[T]he pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). In order to survive a Rule 12(b)(6) motion to dismiss, Plaintiffs must plead sufficient facts, not mere conclusions. Plaintiff must plead "more than labels and conclusions" and more than "a formulaic recitation of the elements" of a claim. *Twombly*, 550 U.S. at 555–56. As set forth below, Plaintiff fall far short of satisfying this pleading standard and Plaintiff's claims should be dismissed.

### 2. PLAINTIFF FAILED TO PLEAD SUFFICIENT FACTS TO SUPPORT AN OVERTIME CLAIM UNDER THE FLSA

Under the FLSA, an employee must first perform forty hours of work in one week before being eligible to receive overtime pay. 29 U.S.C. § 207(a). To sufficiently plead a claim for unpaid overtime under the FLSA, a plaintiff must allege that: (1) the defendant is an employer under the FLSA; (2) plaintiffs are employees under the FLSA; (3) the defendant employed plaintiffs' services for more than forty hours in a single workweek; and (4) plaintiffs did not receive compensation at a rate of 1.5 times their normal hourly rate for the hours they worked over forty in that week. *Perez v. Pinon Mgmt., Inc.*, 2013 U.S. Dist. LEXIS 37806, at *20 (D. Colo. Mar. 19, 2013). Such allegations standing alone, however, are not sufficient to state a claim.

Plaintiffs must also allege "particular facts sufficient to raise a plausible inference of an FLSA overtime violation." *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013). Although plaintiffs need not plead their hours with mathematical precision, it is their memory and

experience that "lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place." *Id.* at 90. Plaintiffs must "draw on those resources in providing complaints with sufficiently developed factual allegations." *Id.*

In *Lyle v. City of Fairfax Virginia*, the Fourth Circuit Court of Appeals explained that in order to establish a claim for unpaid overtime wages, the Plaintiff must establish by a preponderance of the evidence that: (1) she worked overtime hours without compensation; and (2) the employer knew (or should have known) that she had worked overtime but did not compensate her for it. No. 05-1134, 2006 U.S. App. LEXIS 6025, at *27 (4th Cir. Mar. 10, 2006) (citing *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986)). To overcome a motion to dismiss, a Plaintiff "must do more than merely allege that the y regularly worked in excess of forty hours per week without receiving overtime pay." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017). In *Hall*, the Fourth Circuit Court of Appeals adopted the Second Circuit's holding in *Lundy v. Catholic Health Sys. of Long Island, Inc*., 711 F.3d 106 (2d Cir. 2013) and held "that to make out a plausible overtime claim, a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours." *Id.*

Plaintiffs are reasonably expected to recall basic facts about their "own work experience, such as when he worked overtime; whether he came to work early, stayed late, or took additional shifts; approximately how many extra hours he worked per week; and the types of tasks he performed during his overtime hours." *Martinez v. Xclusive Mgmt., LLC*, No. 15-cv-00047-MSK-MEH, 2015 U.S. Dist. LEXIS 182161, at *14 (D. Col. Aug. 12, 2015) (quoting *Perkins v. 199 SEIU United Healthcare Workers East*, 73 F. Supp. 3d 278, 290 (S.D.N.Y. 2014)). Merely

alleging that one was not paid overtime in "some or all weeks" of employment, without estimating hours in any or all weeks or providing any other factual context or content for a claim, is not sufficient. *DeJesus*, 726 F.3d at 89. Thus, plaintiffs cannot simply "track[] the statutory language from the FLSA, lifting the numbers and rehashing its formulations" without providing "particular facts to raise a plausible inference of an FLSA overtime violation." *Id.*

In *DeJesus*, the Second Circuit affirmed the district court's holding that the plaintiff failed to state a claim for unpaid overtime under the FLSA where the plaintiff alleged "only that in 'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation." *Id.* The Second Circuit held this amounted to "no more than rephrasing the FLSA's formulation specifically set forth in section 207(a)(1)," because she did not estimate her hours in any or all weeks or provide any other factual context or content. *Id.* Thus, the Second Circuit held, that her "complaint was devoid of any numbers to consider beyond those plucked from the statute." *Id.* Numerous courts have applied similar pleading standards as *DeJesus* in the FLSA context, requiring plaintiffs to allege more than the conclusion that they were denied minimum wage or overtime. (*See Pruell v. Caritas Christi*, 678 F.3d 10, 12–13 (1st Cir. 2012).

The Plaintiff in the present case fails to make any factual allegations regarding what months, weeks, days, or hours she worked and for which named Defendants in those periods. In fact, a review of the Complaint reveals that the Plaintiff failed to allege any particular workweek in which she worked overtime, and she never asserts that she actually worked more than forty hours for any of the named Defendants. Instead, the Plaintiff merely alleges, that "[u]pon *information and belief*, Defendants failed to pay Plaintiffs and other member of the putative class all earned wages, at the rate of one and one half times the regular rate of pay, for the times in which they worked after the first forty hours in any given week." Compl. ¶ 53. Such an allegation

is insufficient to withstand a motion to dismiss.

In *Pruell v. Caritas Christi*, the Plaintiffs alleged in the Amended Complaint that "[t]hroughout their employment with defendants, Plaintiffs regularly worked hours over 40 in a week and were not compensated for such time, including the applicable premium pay." 678 F.3d 10, 13 (1st Cir. 2012). The Second Circuit concluded that the Complaint did not adequately state a FLSA claim. *Id.* at 15. The Court noted that "[t]he key statement—'regularly worked hours over 40 in a week and were not compensated for such time'—is one of those borderline phrases.'" *Id.* at 13. The Court explained that "some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" *Id.* (quoting *Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 595 (1st Cir. 2011)). As a result, "[s]tanding alone, the quoted language is little more than a paraphrase of the statute." *Id.*

In *Flores v. Act Event Services, Inc.*, the Plaintiffs filed a collective action under the FLSA alleging that "the defendants violated the FLSA by failing to pay compensable travel time, abide by federal minimum wage laws, and provide overtime compensation." 55 F. Supp. 3d 928, 931–32 (N.D. Tex. 2014). With the exception of one plaintiff, the Court noted that "[t]he remaining named plaintiffs recite the basic elements of various FLSA claims without providing any factual support." *Id.* at 939. The Plaintiffs made allegations such as: "'Defendants willfully failed to compensate Named Plaintiffs . . . the federal minimum wage.'; and 'Defendants required Named Plaintiffs . . . to work at events for over forty (40) hours a week [and failed] to pay them minimum wage or overtime for work done over forty (40) hours a week.'" *Id.* The Court concluded that "[t]hese are 'formulaic recitation[s] of the elements of a cause of action,' and thus are 'not entitled to the assumption of truth.'" *Id.* at 940 (quoting *Twombly*, 550 U.S. at 555). The Court held that

"[a]lthough the court grants leave to amend, its decisions on the motions to dismiss serve as a warning to the plaintiffs' attorneys to plead plausible FLSA claims. In the past, this court has emphasized that sanctions can apply to attorneys who submit form pleadings." *Id.* at 941.

Similar to the insufficient pleadings in *Pruell* and *Flores*, the Plaintiff herein alleges only that "Defendants failed to pay Plaintiffs and other member of the putative class all earned wages…for the times in which they worked after the first forty hours in any given week." Compl. ¶ 53. Plaintiff's conclusory allegation is little more than a recitation of the elements of an FLSA claim and is not sufficient to withstand a motion to dismiss. Like the plaintiffs in *Pruell* and *Flores*, Plaintiff in this case fails to state a claim under the FLSA.

### 3. PLAINTIFF IS BARRED FROM PURSUING A MINIMUM WAGE CLAIM UNDER BOTH THE FLSA AND THE VIRGINIA MINIMUM WAGE ACT

The Plaintiff cannot pursue a claim against the Defendant for minimum wage violations under both the FLSA and Virginia Minimum Wage Act. Section 40.1-28.9(A), the Code of Virginia, defines "employer" as "any individual, partnership, association, corporation, business trust, or any person or groups of persons acting directly or indirectly in the interest of an employer in relation to an employee." While an employee is "any individual employed by an employer" with the exception of "[a]ny person whose employment is covered by the Fair Labor Standards Act of 1938 as amended." Consequently, if an employer is covered under the FLSA, then they are exempt from protection under the Virginia Minimum Wage Act.

The Plaintiff alleges that the Defendants violated both the FLSA and the Virginia Minimum Wage Act, which runs contrary to the Virginia Minimum Wage Act. *See Walker v. Serv. Corp. Int'l*, No. 4:10CV00048, 2011 U.S. Dist. LEXIS 39856, at *20–21 (W.D. Va. Apr. 12, 2011) (stating "It should be noted that not only is Virginia's minimum wage the same as the federal

minimum wage, but the Virginia Minimum Wage Act specifically exempts from its provisions anyone whose employment is covered by the FLSA.")

Moreover, the Plaintiff cannot recover twice for the same alleged injury. As the Supreme Court of the United States noted in *General Telephone Company of the Northwest, Inc. v. Equal Employment Opportunity Commission*, "i[t] also goes without saying that the courts can and should preclude double recovery by an individual." 446 U.S. 318, 333 (1980); *see also Dutan v. Sheet Metal Remodeling, LLC*, Civil Action No. 1:14cv0342 (JCC/JFA), 2014 U.S. Dist. LEXIS 134684, at *21 (E.D. Va. Aug. 21, 2014) (The Magistrate Judge recommended that the Court deny Plaintiff's Motion for Default Judgment as to the Minimum Wage Act); *Lagasan v. Al-Ghasel*, 92 F. Supp. 3d 445, 458–59 (E.D. Va. 2015) (The Magistrate Judge stated that "[p]arties may not recover twice for one injury" and concluded that "where a party is entitled to recovery under the FLSA, she may only recover additional damages for breach of contract to the extent that she is contractually entitled to more than the amount awarded under the FLSA.").

Since the Virginia Minimum Wage Act explicitly excludes those employers covered under the FLSA and the Plaintiff cannot recover twice for the same alleged injury, the Court should grant Defendants' Motion to Dismiss pursuant to Rule 12(b)(6).

**4.      PLAINTIFF CANNOT PURSUE STATE LAW CLAIMS BECAUSE THERE IS A FUNDAMENTAL IRRECONCILABLE DIFFERENCE BETWEEN THE CLASS PURSUED UNDER THE FLSA AND THE VIRGINIA MINIMUM WAGE ACT**

The Virginia Minimum Wage Act and Virginia Wage Payment statute upon which Plaintiff relies does not contain any statutory provisions regarding class actions or collective actions. In the absence of clear statutory authority, the state law claims therefore should be treated as class actions under Rule 23 of the Federal Rules of Civil Procedure.

As the Supreme Court of the United States noted in *Genesis HealthCare Corp. v. Symczyk*, "Rule 23 actions are fundamentally different from collective actions under the FLSA. " 569 U.S. 66, 74 (2013)  Under Rule 23, "if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has 'opted out' of the suit." *La Chapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).  However, under Section (b) of the FLSA, "no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent." *Id.*

In *Choimbol v. Fairfield Resorts, Inc.*, the Court noted that "although the Fourth Circuit has not directly examined whether plaintiffs seeking class certification can simultaneously avail themselves of a class action under Rule 23 and FLSA § 16(b), sister circuits and district courts in this circuit have followed the holding in *LaChappelle v. Owens-Illinois, Inc*." 475 F. Supp. 2d 557, 561 n.6 (E.D. Va. 2006).  In *LaChappelle*, the Court "held that there is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b)," *Id.* (quoting *LaChappelle*, 513 F.2d at 288).  The Court held that because "Rule 23 (c) provides for 'opt out' class action while FLSA § 16(b) allows as class members only those who 'opt in'" these "two types of class actions are mutually exclusive and irreconcilable." *Id.* (quoting *LaChappelle*, 513 F.2d at 288–89.).

In *LaFleur v. Dollar Tree Stores, Inc.*, the Court dismissed with prejudice "Plaintiffs' Illinois State Law Claims and Hybrid Class Action Allegations." No. 2:12-cv-00363, 2013 U.S. Dist. LEXIS 5352, at *12–13 (E.D. Va. Jan. 11, 2013).  In reaching this conclusion, the Court noted that there "[c]onsiderable division exists among district courts and courts of appeals regarding whether Rule 23 class-actions can proceed simultaneous with FLSA collective actions."

However, the Court ultimately adopted the reasoning articulated in *Choimbol*, thereby adopting *LaChappelle*. *Id.* at 12.

Since there is a fundamental, irreconcilable difference between the class action sought under Rule 23 and that provided for by FLSA § 16(b), the Plaintiff's state law claims should be dismissed.

## C.    PLAINTIFF'S COLLECTIVE AND CLASS ACTION SHOULD BE STRUCK

### 1.    STANDARD OF REVIEW

Rule 12(f) permits courts to strike any immaterial or impertinent matter from a pleading. Fed. R. Civ. P. 12(f). "Where pleadings are facially defective and definitively establish that a class action cannot be maintained, the court can properly grant a motion to strike class allegations at the pleadings stage." *Baker* v. *Home Depot USA, Inc.,* No. 11 C 6768, 2013 U.S. Dist. LEXIS 9377, at *12 (N.D. Ill. Jan. 24, 2013) (internal quotation omitted). Ultimately, the purpose of a motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Buser v. S. Food Serv.*, 73 F. Supp. 2d 556, 559 (M.D.N.C. 1999).

In the context of FLSA collective actions, the District Court in *D'Anna v. M/A-Comm, Inc.*, explained that

> "[a]s a matter of sound case management, a court should, before offering [to assist plaintiff in locating additional plaintiffs], make a preliminary inquiry as to whether a manageable class exists. . . . The courts, as well as practicing attorneys, have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." Furthermore, an employer should not be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense.

903 F. Supp. 889, 894 (D. Md. 1995) (citing *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991)). Moreover, while some "court-authorized notice has been issued based solely upon allegations of class-wide discrimination in a complaint… many courts have required

some factual support for the allegations prior to authorization of notice." *Id.* at 893 (citing *Schwed v. General Elec. Co.*, 159 F.R.D. 373, 375-76 (N.D.N.Y. 1995); *Severtson*, 137 F.R.D. at 266; *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 406 (D.N.J.), *aff'd* in part and dismissed in part, 862 F.2d 439 (3d Cir. 1988), *aff'd*, 493 U.S. 165 (1989)).

Class certification is not appropriate where a fact-specific analysis of each individual Plaintiff's responsibilities would be required to determine liability. *See, e.g.*, *Harris v. Fee Transp. Servs., Inc.*, No. 3:05-cv-0077-P, 2006 U.S. Dist. LEXIS 51437, at *13–14 (N.D. Tex. May 15, 2006) (collecting cases and noting that "multiple courts in this circuit and elsewhere have refused to conditionally certify a class at the first stage of the analysis when the determination of [liability] would require a highly individualized inquiry"); *Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1274-75 (M.D. Ala. 2004) (denying collective action where individualized inquiries required would obviate "the economy of scale envisioned by the FLSA collective action procedure"); *Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216, 220-21 (D. Conn. 2003) ("Because the proof in this case is specific to the individual, Mike has not provided evidence of a common thread binding his proposed class of employees."); *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 413 (D. Or. 2002) ("[a collective] action dominated by issues particular to individual plaintiffs cannot be administered efficiently"); *Morisky v. Pub. Serv. Elec. and Gas Co.*, 111 F. Supp. 2d 493, 499 (D.N.J. 2000) ("The individual nature of the inquiry required make[s] collective treatment improper in this case."); *Aguirre v. SBC Commc'ns, Inc.*, No. H-05-3198, 2006 U.S. Dist. LEXIS 22211, at *7 (S.D. Tex. Apr. 11, 2006) (finding conditional certification inappropriate where differences among the potential plaintiffs predominated over their similarities); *Pfohl v. Farmers Ins. Group*, No. CV 03-3080 DT (Rcx), 2004 U.S. Dist. LEXIS 6447, at *10 (C.D. Cal. Mar. 1, 2004) ("[Liability] would need to be determined on an employee-by-employee basis. This would be inefficient and

impractical, thereby defeating the purpose of a collective action"); *Smith v. Frac Tech Servs.*, LLC, No. 4:09CV00679 JLH, 2011 U.S. Dist. LEXIS 3165, at *54–55 (E.D. Ark. Jan. 11, 2011) (finding that "[b]ecause of the fact-intensive nature of the exemption analysis, the variation in the job duties of the service supervisors weighs heavily against permitting the action to continue as a collective one.").

While Rule 23 provides that a court may order "the pleadings be amended to eliminate allegations about representation of absent persons." Fed. R. Civ. P. 23(d)(1)(D). More importantly, it allows the Court to ascertain the viability of a proposed class "at an early practicable time" after the commencement of the action. Fed. R. Civ. P. 23(c)(1). In some cases, this can be determined from the pleadings alone. *See Gen. Tel. Co.* v. *Falcon,* 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiffs' claim . . . ."); *Pilgrim* v. *Universal Health Card, LLC,* 660 F.3d 943, 949 (6th Cir. 2011) (affirming district court order striking class claims before plaintiffs made a motion to certify the class because a decision on class certification should be made "at an early practicable time" and as the class claims could never be certified as a matter of law). Courts "need not delay a ruling on certification if . . . additional discovery would not be useful in resolving the class determination." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011).

The party seeking class certification bears the burden of establishing that certification is proper. *Retired Chicago Police Ass'n* v. *City of Chicago,* 7 F.3d 584, 596 (7th Cir. 1993). In determining whether a party has carried that burden, a court need not accept all of the Complaint's allegations as true. *Szabo* v. *Bridgeport Mach., Inc.,* 249 F.3d 672, 675 (7th Cir. 2001). Rather, in deciding whether to certify a class, the Court "should make whatever factual and legal inquiries

are necessary under Rule 23." *Id.* at 676. District courts have broad discretion in determining motions for class certification. *Retired Chicago Police,* 7 F.3d at 596.

Consistently, courts have concluded that they "may deny class certification even before the plaintiff files a motion requesting certification." *Kasalo*, 656 F.3d at 563. Indeed, courts have found early motions to strike class allegations "an appropriate device" to determine whether the case will proceed as a class action. *See, e.g., Lee v. The Children's Place Retail Stores, Inc.,* No. 14-CV-03258, 2014 WL 5100608, at *1–2 (N.D. Ill. Oct. 8, 2014) (dismissing class claims as a matter of law); *Payne v. Abbott Labs.*, No. 97 C 3882, 1999 U.S. Dist. LEXIS 2443, at *12–14 (N.D. Ill. Mar. 2, 1999) (finding that "the class, as currently defined by plaintiffs, overly broad . . . . To sustain their claim, plaintiffs must plead specific facts to demonstrate the typicality and commonality of the class claims as required under Rule 23(a), and define the proper class and subclasses."); *Sample v. Aldi Inc.*, 93 C 3094, 1994 U.S. Dist. LEXIS 1518, at *18 (N.D. Ill. Feb. 8, 1994) (dismissing class action claims alleging racially discriminatory hiring policies at the pleading stage).

## 2. PLAINTIFF CANNOT BE A CLASS REPRESENTATIVE FOR THE FLSA COLLECTIVE ACTION

In the Complaint, the Plaintiff fails to sufficiently establish the requirements for certification of a FLSA collective action. An employee bringing a collective action under Section 16(b) must show that the Plaintiff and the remaining class members are similarly situated. When determining whether the Plaintiff has satisfied the "similarly situated" requirement, Courts consider a variety of factors include:

(a) similarities and differences in the employment and other factual settings of the various plaintiffs, including whether plaintiffs had differing job titles or assignments, worked in different locations, were under different supervisors or decisionmakers, or allege different types of violative conduct;

> (b)     the extent to which the plaintiffs will rely on common evidence;

> (c)     defenses available to defendant and whether the defenses are individual to each plaintiff; and

> (d)     fairness and procedural considerations, including whether a trial may be coherently managed in a way that will not confuse the jury or unduly prejudice a party.

*Molina v. First Line Sols. LLC*, 566 F. Supp. 2d 770, 787 (N.D. Ill. 2007).  Moreover, the Court should avoid engaging in an "individualized analysis of overtime compensation" because it "runs directly counter to the 'economy envisioned by' collection treatment of substantially similar employees under §216(b) of the FLSA."  *Saxton v. Title Max of Ala., Inc.*, 431 F. Supp. 2d 1185, 1189 (N.D. Ala. 2006).  Undoubtedly, the "necessity for independent inquiries into each alleged violation makes collection action likely to hinder rather than promote judicial economy."  *Macgregor v. Farmers Ins. Exchange*, No. 2:10-CV-03088, 2011 U.S. Dist. LEXIS 80361, at *8 (D.S.C. July 22, 2011).

A critical component of the certification analysis involves an assessment of whether Plaintiffs have provided evidence of a company-wide policy, which may violate the FLSA, as well as an assessment of Plaintiffs' job duties, geographic location, supervision, and salary.  *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D. Md. 2007).  For example, in *Sodekson v. E. Coast Rest. & Nightclubs, LLC*, Civil Action No. 4:15-CV-02711-RBH, 2016 U.S. Dist. LEXIS 119886, at *26–27 (D.S.C. Sep. 6, 2016), the Court found that the Plaintiff did not have "any additional factual support suggesting that there is a common policy or plan among the Gold Club' s several locations, or that there are other potential plaintiffs similarly situated to her (or to Ms. Kaneshige) for the reasons discussed above.  Plaintiff only worked at the Bedford, New Hampshire location for a few months, while Ms. Kaneshige only worked at the Hilton Head, South

Carolina location. Plaintiff has not provided any facts regarding the several other locations or any factual support evidencing the policies at these other clubs."

Other Courts have also found multi-location collective actions troublesome. *See Cason v. Vibra Healthcare*, 2011 U.S. Dist. LEXIS 47160, *9 (E.D. Mich. May 3, 2011) (stating that a Plaintiff's experience at one location "does not justify the conditional certification of a collective action against several . . . facilities . . . Although the standard for granting conditional certification is lenient, it is not that non-existent."); *see also Pullen v. McDonald's Corp.*, 2014 U.S. Dist. LEXIS 128364 (E.D. Mich. Sept. 15, 2014) (refusing to certify FLSA collective action where evidence regarding location, pay, hours, and alleged violations varied between members of the putative class, including the fact that they "worked for different managers at different restaurants").

In the instant case, the Plaintiff has not alleged that her interests are aligned with the putative class members. The Plaintiff purports to have worked for *all* of the named Defendants, which is likely to be entirely different from those worked by other putative class members. Plaintiff does not specify which clubs she actually worked at, or for which periods of time. If Plaintiff did not work at all Defendant's clubs, she cannot serve as a class representative.[3] This is arguably an insurmountable issue for Plaintiff as the alleged class representative because clubs are located in different areas, offer different themes and entertainment at each location, and also service different clientele as a result. In addition, the named Plaintiff and putative class members work for different corporations, report to different management at each location, and work different shifts and hours at each of these locations. This makes the differing corporate entities, physical locations, and clubs worked at a critical element in the required class action analysis.

---

[3] Upon information and belief, Plaintiff in fact only worked for one Defendant's club.

Accordingly, Plaintiff cannot establish that her interests are aligned with those of the alleged putative class such that she is viable to be class representative. Therefore, the Court should grant Defendant's Motion to Strike the class allegation.

### 3. PLAINTIFF CANNOT BE A CLASS REPRESENTATIVE FOR THE RULE 23 CLASS ACTION

As discussed above, FLSA collective actions and Rule 23 class actions are fundamentally different. To be certified as a class under Rule 23, the Plaintiff must satisfy four threshold requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy-of-representation. *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 362 (4th Cir. 2004). To adequately represent the class, the "class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Amchem Prods. v. Windsor*, 521 U.S. 591, 625–26, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997) (quoting *East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S. Ct. 1891, 52 L. Ed. 2d 453 (1977).

Under Rule 23(a)(4), the Plaintiff must demonstrate that "the representative parties will fairly and adequately protect the interest of the class." *Buford v. H & R Block*, 168 F.R.D. 340, 351 (S.D. Ga. 1996). "Courts have broken down the requirement into an evaluation of (1) whether class counsel are qualified, experienced, and generally able to conduct the proposed litigation; and (2) whether the representative's claims are sufficiently interrelated to and not antagonistic with the class's claims as to ensure fair and adequate representation." *Hewlett v. Premier Salons Int'l, Inc.*, 185 F.R.D. 211, 218 (D. Md. 1997) (citing *Buford v. H & R Block*, 168 F.R.D. 340, 351 (S.D. Ga. 1996)).

It is clear for the reasons discussed above in FLSA collective action section that the Plaintiff failed to state any facts to sufficiently support that her individual claims are interrelated to and not antagonistic with the class's claims as to ensure fair and adequate representation. As a

result, the Plaintiff has not met the burden of establishing all of the elements of a Rule 23 class action. Therefore, the Court should grant Defendant's Motion to Strike the Rule 23 class allegations as prescribed by Rule 12(f) and Rule 23 of the Federal Rules of Civil Procedure.

**4.** **PERMITTING THIS ACTION TO PROCEED ON A CLASS/COLLECTIVE BASIS IS INAPPROPRIATE BECAUSE CERTIFICATION WOULD REQUIRE THIS COURT TO RULE ON THE MERITS TO DETERMINE PUTATIVE CLASS/COLLECTIVE MEMBERSHIP.**

Determining membership in Plaintiff's proposed class/collective action would require the Court to not only review the records and specific facts relevant to each putative member for an overbroad group of alleged employees, but also to rule that each class/collective member was not paid for all hours worked or had improper deductions taken when they were employed by Defendant(s). The Court would need to rule on the merits of the case; i.e., whether each individual putative class/collective member was subjected to some alleged policy or practice that resulted in that individual not being paid for hours and overtime worked and/or who had improper deductions made, to determine class/collective membership.

Requesting the Court to rule on the merits at the earliest stage of this litigation is inappropriate. *See* Ann. Manual For Complex Litig., § 21.222 (it is inappropriate to define a class in such a way that class membership cannot be identified until the merits are resolved); *see also Mike v. Safeco Ins. Co.*, 223 F.R.D. 50, 53 (D. Conn. 2004) ("The proposed class is untenable because the court would have to conduct an individual inquiry regarding the merits of each proposed plaintiff's claim in order to determine class membership"); *Bostick v. St. Jude Medical, Inc.*, 2004 U.S. Dist. LEXIS 29997 (W.D. Tenn. Aug. 17, 2004) ("an inquiry into the merits of the case should not be required of the court in its determination of whether a person is a member of a class"); *Mueller v. CBS, Inc.*, 200 F.R.D. 227, 233-36 (W.D. Pa. 2001) (declining to certify class

because determining membership in the class essentially would require a mini-hearing on the merits of each plaintiff's case).

The purpose of a class/collective action is to economize and simplify individual actions, and that purpose would not be served where each Plaintiff's or Opt-In Plaintiff's records and alleged employment history, such as location of work, hours and weeks worked, supervision, etc., would have to be extensively analyzed and the legitimacy of any policy or practice that those individuals were/are allegedly subject to be decided before class/collective membership could be determined.

Therefore, the Court should grant Defendant's Motion to Strike the FLSA Collective Action and Rule 23 Class Action.

Dated: February 13, 2018   Respectfully submitted,

         **ARKESIA, INC. d/b/a CLUB ROUGE,**

         By: _____/s/_____
         Thomas M. Lucas (VSB No. 27274)
         Kristina H. Vaquera, Esq. (VSB No. 43655)
         Milena Radovic, Esq. (VSB No. 91000)
         Jackson Lewis, PC
         500 E. Main Street, Suite 800
         Norfolk, Virginia 23510
         Telephone: (757) 648-1445
         Facsimile: (757) 648-1418
         E-mail: thomas.lucas@jacksonlewis.com
            vaquerak@jacksonlewis.com
            milena.radovic@jacksonlewis.com
         *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13th, 2018, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following:

> Justin P. Keating, Esq.
> Beins, Axelrod, P.C.
> 1030 15th Street, N.W.
> Suite 700 East
> Washington, D.C. 20005

Notification of such filing will also be sent via First Class U.S. Mail to:

> Lloyd R. Ambinder, Esq.
> LaDonna Lusher, Esq.
> Virginia & Ambinder, LLP
> 40 Broad Street, 7th Floor
> New York, New York, 10004

**ARKESIA, INC. d/b/a CLUB ROUGE**

By: _____/s/_____
Thomas M. Lucas (VSB No. 27274)
Kristina H. Vaquera, Esq. (VSB No. 43655)
Milena Radovic, Esq. (VSB No. 91000)
Jackson Lewis, PC
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone:      (757) 648-1445
Facsimile:      (757) 648-1418
E-mail:      thomas.lucas@jacksonlewis.com
            vaquerak@jacksonlewis.com
            milena.radovic@jacksonlewis.com
*Counsel for Defendant*

4852-4633-3277, v. 1