**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **HANNAH CRAMER**<br><br>    **PLAINTIFF,**<br><br>**v.**<br><br>**M.G.B., INC. d/b/a PURE PLEASURE,**<br><br>    **DEFENDANT.** | Case No. 3:18-cv-00039 |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO STRIKE**

COMES NOW Defendant M.G.B., Inc. d/b/a Pure Pleasure ("Pure Pleasure"), by and through the undersigned legal counsel, and pursuant to Rule 12(f) and Rule 23 of the Federal Rules of Civil Procedure, hereby file this Memorandum in Support of its Motion to Strike.

### I.  INTRODUCTION

In the Complaint, Plaintiff provides no factual statement as to how Plaintiff is similarly-situated to proposed putative class members. Plaintiff states in a conclusory fashion that she and the putative class members are similarly situated. This critical pleading flaw is sufficient grounds to strike Plaintiff's collective action claims. Plaintiff should not be permitted to convert her individual claims into a collective action by merely pleading that some unspecified policy or practice caused her and some other entertainers not to be compensated at or above minimum wage.

Further, the boundaries of this alleged putative class are completely undefined. Plaintiff alleges that all non-exempt "entertainment" employees are similarly situated. Plaintiff fails to identify how other entertainer positions at entirely different locations with different duties, schedules and hours of work are somehow similarly-situated to her own. To the extent the Plaintiff

is attempting to bind Plaintiff other putative class members as "similarly situated" on the basis that they were all subject to the same unidentified policy(s) which somehow resulted in them not receiving "overtime," Plaintiff's Complaint is also deficient. Similarly, the Plaintiff fails to allege that her individual claims are interrelated to and not antagonistic with the Rule 23 class as to ensure fair and adequate representation.

For these reasons and those set forth in more detail below, Defendants move to strike those portions of the Complaint which are not appropriate to the pled collective action and class action.

## II. PLAINTIFF'S FACTUAL ALLEGATIONS

1. Plaintiff filed this Complaint on January 16, 2018 asserting vague allegations pursuant to the Fair Labor Standards Act ("FLSA") and the Virginia Payment of Wage Law[1], § 40.1-29, to recover unpaid minimum wage and overtime payments allegedly owed to the Plaintiff and similarly-situated persons ("putative class"), which Plaintiff asserts broadly to have begun in "approximately January of 2015". Compl. ¶¶ 1, 7–8. The Plaintiff does not specify the date on which she allegedly began to perform at any of the Defendants' facilities, or what weeks, months or years in which she allegedly did so. Nor does she allege which of the Defendants she was "employed" by in each of those weeks, months, and years.

2. Plaintiff summarily asserts without detail that she is "currently employed by Defendants as an "entertainment employee" without making any distinction among the corporate Defendants, which presumably means that she is—or was—employed simultaneously by each of the corporate Defendants and performed at each and every Defendants' facility at the same time. However, if Plaintiff did not in fact entertain at the Defendant's location for the entire period of

---

[1] Plaintiff erroneously refers to this statute as the "Virginia Payment of Wage Law," which is properly referenced as the Virginia Wage Payment statute.

2

time alleged, and other putative class members did not entertain at the Defendant's facility, Plaintiff does not meet the class representative standard. Compl. ¶14.

3. Highlighting further this irreconcilable posture, Plaintiff seeks to serve as the class representative for "all similarly-situated persons who are presently or were formerly employed by Arkesia, Inc. d/b/a Club Rouge; Circle 2, Inc. d/b/a Daddy Rabbits; Circle 2, Inc. d/b/a Candy Bar; Imaginary Images, Inc. d/b/a Paper Moon; MGB, Inc. d/b/a Pure Pleasure and/or any other entities affiliated with or controlled by Club Rouge; Daddy Rabbits; Candy Bar; Paper Moon; or Pure Pleasure; and William Andreas Pyliaris." Compl., ¶1

4. Plaintiff's Complaint is devoid of any other specific factual allegations. The remainder of Plaintiff's Complaint is comprised of wholesale legal conclusions and assertions, as well as various reiterations of the same limited alleged "facts" set forth above. Plaintiff has failed to allege how the location of her performance(s), work classifications, position hold, hours and weeks worked, or work duties are similar to those other individuals who may be "similarly situated".

5. Based on these bare allegations, Plaintiff seeks to bring this action for purported violations of the FLSA on a collective/class basis for minimum wages, overtime compensation, liquidated damages, and attorneys' fees and costs.

### III. LEGAL ARGUMENT

#### A. STANDARD OF REVIEW

Rule 12(f) permits courts to strike any immaterial or impertinent matter from a pleading. Fed. R. Civ. P. 12(f). "Where pleadings are facially defective and definitively establish that a class action cannot be maintained, the court can properly grant a motion to strike class allegations at the pleadings stage." *Baker* v. *Home Depot USA, Inc.,* No. 11 C 6768, 2013 U.S. Dist. LEXIS 9377,

at *12 (N.D. Ill. Jan. 24, 2013) (internal quotation omitted). Ultimately, the purpose of a motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Buser v. S. Food Serv.*, 73 F. Supp. 2d 556, 559 (M.D.N.C. 1999).

In the context of FLSA collective actions, the District Court in *D'Anna v. M/A-Comm, Inc.*, explained that

> "[a]s a matter of sound case management, a court should, before offering [to assist plaintiff in locating additional plaintiffs], make a preliminary inquiry as to whether a manageable class exists. . . . The courts, as well as practicing attorneys, have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." Furthermore, an employer should not be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense.

903 F. Supp. 889, 894 (D. Md. 1995) (citing *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991)). Moreover, while some "court-authorized notice has been issued based solely upon allegations of class-wide discrimination in a complaint… many courts have required some factual support for the allegations prior to authorization of notice." *Id.* at 893 (citing *Schwed v. General Elec. Co.*, 159 F.R.D. 373, 375-76 (N.D.N.Y. 1995); *Severtson*, 137 F.R.D. at 266; *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 406 (D.N.J.), *aff'd* in part and dismissed in part, 862 F.2d 439 (3d Cir. 1988), *aff'd*, 493 U.S. 165 (1989)).

Class certification is not appropriate where a fact-specific analysis of each individual Plaintiff's responsibilities would be required to determine liability. *See, e.g.*, *Harris v. Fee Transp. Servs., Inc.*, No. 3:05-cv-0077-P, 2006 U.S. Dist. LEXIS 51437, at *13–14 (N.D. Tex. May 15, 2006) (collecting cases and noting that "multiple courts in this circuit and elsewhere have refused to conditionally certify a class at the first stage of the analysis when the determination of [liability] would require a highly individualized inquiry"); *Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1274-75 (M.D. Ala. 2004) (denying collective action where individualized inquiries required

4

would obviate "the economy of scale envisioned by the FLSA collective action procedure"); *Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216, 220-21 (D. Conn. 2003) ("Because the proof in this case is specific to the individual, Mike has not provided evidence of a common thread binding his proposed class of employees."); *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 413 (D. Or. 2002) ("[a collective] action dominated by issues particular to individual plaintiffs cannot be administered efficiently"); *Morisky v. Pub. Serv. Elec. and Gas Co.*, 111 F. Supp. 2d 493, 499 (D.N.J. 2000) ("The individual nature of the inquiry required make[s] collective treatment improper in this case."); *Aguirre v. SBC Commc'ns, Inc.*, No. H-05-3198, 2006 U.S. Dist. LEXIS 22211, at *7 (S.D. Tex. Apr. 11, 2006) (finding conditional certification inappropriate where differences among the potential plaintiffs predominated over their similarities); *Pfohl v. Farmers Ins. Group*, No. CV 03-3080 DT (Rcx), 2004 U.S. Dist. LEXIS 6447, at *10 (C.D. Cal. Mar. 1, 2004) ("[Liability] would need to be determined on an employee-by-employee basis. This would be inefficient and impractical, thereby defeating the purpose of a collective action"); *Smith v. Frac Tech Servs.*, LLC, No. 4:09CV00679 JLH, 2011 U.S. Dist. LEXIS 3165, at *54–55 (E.D. Ark. Jan. 11, 2011) (finding that "[b]ecause of the fact-intensive nature of the exemption analysis, the variation in the job duties of the service supervisors weighs heavily against permitting the action to continue as a collective one.").

While Rule 23 provides that a court may order "the pleadings be amended to eliminate allegations about representation of absent persons." Fed. R. Civ. P. 23(d)(1)(D). More importantly, it allows the Court to ascertain the viability of a proposed class "at an early practicable time" after the commencement of the action. Fed. R. Civ. P. 23(c)(1). In some cases, this can be determined from the pleadings alone. *See Gen. Tel. Co.* v. *Falcon,* 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the

interests of the absent parties are fairly encompassed within the named plaintiffs' claim . . . ."); *Pilgrim* v. *Universal Health Card, LLC,* 660 F.3d 943, 949 (6th Cir. 2011) (affirming district court order striking class claims before plaintiffs made a motion to certify the class because a decision on class certification should be made "at an early practicable time" and as the class claims could never be certified as a matter of law). Courts "need not delay a ruling on certification if . . . additional discovery would not be useful in resolving the class determination." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011).

The party seeking class certification bears the burden of establishing that certification is proper. *Retired Chicago Police Ass'n* v. *City of Chicago,* 7 F.3d 584, 596 (7th Cir. 1993). In determining whether a party has carried that burden, a court need not accept all of the Complaint's allegations as true. *Szabo* v. *Bridgeport Mach., Inc.,* 249 F.3d 672, 675 (7th Cir. 2001). Rather, in deciding whether to certify a class, the Court "should make whatever factual and legal inquiries are necessary under Rule 23." *Id.* at 676. District courts have broad discretion in determining motions for class certification. *Retired Chicago Police,* 7 F.3d at 596.

Consistently, courts have concluded that they "may deny class certification even before the plaintiff files a motion requesting certification." *Kasalo*, 656 F.3d at 563. Indeed, courts have found early motions to strike class allegations "an appropriate device" to determine whether the case will proceed as a class action. *See, e.g., Lee v. The Children's Place Retail Stores, Inc.,* No. 14-CV-03258, 2014 WL 5100608, at *1–2 (N.D. Ill. Oct. 8, 2014) (dismissing class claims as a matter of law); *Payne v. Abbott Labs.*, No. 97 C 3882, 1999 U.S. Dist. LEXIS 2443, at *12–14 (N.D. Ill. Mar. 2, 1999) (finding that "the class, as currently defined by plaintiffs, overly broad . . . . To sustain their claim, plaintiffs must plead specific facts to demonstrate the typicality and commonality of the class claims as required under Rule 23(a), and define the proper class and

subclasses."); *Sample v. Aldi Inc.*, 93 C 3094, 1994 U.S. Dist. LEXIS 1518, at *18 (N.D. Ill. Feb. 8, 1994) (dismissing class action claims alleging racially discriminatory hiring policies at the pleading stage).

B. **PLAINTIFF CANNOT BE A CLASS REPRESENTATIVE FOR THE FLSA COLLECTIVE ACTION**

In the Complaint, the Plaintiff fails to sufficiently establish the requirements for certification of a FLSA collective action. An employee bringing a collective action under Section 16(b) must show that the Plaintiff and the remaining class members are similarly situated. When determining whether the Plaintiff has satisfied the "similarly situated" requirement, Courts consider a variety of factors include:

(a) similarities and differences in the employment and other factual settings of the various plaintiffs, including whether plaintiffs had differing job titles or assignments, worked in different locations, were under different supervisors or decisionmakers, or allege different types of violative conduct;

(b) the extent to which the plaintiffs will rely on common evidence;

(c) defenses available to defendant and whether the defenses are individual to each plaintiff; and

(d) fairness and procedural considerations, including whether a trial may be coherently managed in a way that will not confuse the jury or unduly prejudice a party.

*Molina v. First Line Sols. LLC*, 566 F. Supp. 2d 770, 787 (N.D. Ill. 2007). Moreover, the Court should avoid engaging in an "individualized analysis of overtime compensation" because it "runs directly counter to the 'economy envisioned by' collection treatment of substantially similar employees under §216(b) of the FLSA." *Saxton v. Title Max of Ala., Inc.*, 431 F. Supp. 2d 1185, 1189 (N.D. Ala. 2006). Undoubtedly, the "necessity for independent inquiries into each alleged violation makes collection action likely to hinder rather than promote judicial economy."

*Macgregor v. Farmers Ins. Exchance*, No. 2:10-CV-03088, 2011 U.S. Dist. LEXIS 80361, at *8 (D.S.C. July 22, 2011).

A critical component of the certification analysis involves an assessment of whether Plaintiffs have provided evidence of a company-wide policy, which may violate the FLSA, as well as an assessment of Plaintiffs' job duties, geographic location, supervision, and salary. *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D. Md. 2007). For example, in *Sodekson v. E. Coast Rest. & Nightclubs, LLC*, Civil Action No. 4:15-CV-02711-RBH, 2016 U.S. Dist. LEXIS 119886, at *26–27 (D.S.C. Sep. 6, 2016), the Court found that the Plaintiff did not have "any additional factual support suggesting that there is a common policy or plan among the Gold Club's several locations, or that there are other potential plaintiffs similarly situated to her (or to Ms. Kaneshige) for the reasons discussed above. Plaintiff only worked at the Bedford, New Hampshire location for a few months, while Ms. Kaneshige only worked at the Hilton Head, South Carolina location. Plaintiff has not provided any facts regarding the several other locations or any factual support evidencing the policies at these other clubs."

Other Courts have also found multi-location collective actions troublesome. *See Cason v. Vibra Healthcare*, 2011 U.S. Dist. LEXIS 47160, *9 (E.D. Mich. May 3, 2011) (stating that a Plaintiff's experience at one location "does not justify the conditional certification of a collective action against several . . . facilities . . . Although the standard for granting conditional certification is lenient, it is not that non-existent."); *see also Pullen v. McDonald's Corp.*, 2014 U.S. Dist. LEXIS 128364 (E.D. Mich. Sept. 15, 2014) (refusing to certify FLSA collective action where evidence regarding location, pay, hours, and alleged violations varied between members of the putative class, including the fact that they "worked for different managers at different restaurants").

In the instant case, the Plaintiff has not alleged that her interests are aligned with the putative class members. The Plaintiff purports to have worked for *all* of the named Defendants, which is likely to be entirely different from those worked by other putative class members. Plaintiff does not specify which clubs she actually worked at, or for which periods of time. If Plaintiff did not work at all Defendant's clubs, she cannot serve as a class representative.[2] This is arguably an insurmountable issue for Plaintiff as the alleged class representative because clubs are located in different areas, offer different themes and entertainment at each location, and also service different clientele as a result. In addition, the named Plaintiff and putative class members work for different corporations, report to different management at each location, and work different shifts and hours at each of these locations. This makes the differing corporate entities, physical locations, and clubs worked at a critical element in the required class action analysis.

Accordingly, Plaintiff cannot establish that her interests are aligned with those of the alleged putative class such that she is viable to be class representative. Therefore, the Court should grant Defendant's Motion to Strike the class allegation.

C. **PLAINTIFF CANNOT BE A CLASS REPRESENTATIVE FOR THE RULE 23 CLASS ACTION**

As discussed above, FLSA collective actions and Rule 23 class actions are fundamentally different. To be certified as a class under Rule 23, the Plaintiff must satisfy four threshold requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy-of-representation. *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 362 (4th Cir. 2004). To adequately represent the class, the "class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Amchem Prods. v. Windsor*, 521 U.S. 591, 625–26, 117 S.

---

[2] Upon information and belief, Plaintiff in fact only worked for one Defendant's club.

9

Ct. 2231, 138 L. Ed. 2d 689 (1997) (quoting *East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S. Ct. 1891, 52 L. Ed. 2d 453 (1977).

Under Rule 23(a)(4), the Plaintiff must demonstrate that "the representative parties will fairly and adequately protect the interest of the class." *Buford v. H & R Block*, 168 F.R.D. 340, 351 (S.D. Ga. 1996). "Courts have broken down the requirement into an evaluation of (1) whether class counsel are qualified, experienced, and generally able to conduct the proposed litigation; and (2) whether the representative's claims are sufficiently interrelated to and not antagonistic with the class's claims as to ensure fair and adequate representation." *Hewlett v. Premier Salons Int'l, Inc.*, 185 F.R.D. 211, 218 (D. Md. 1997) (citing *Buford v. H & R Block*, 168 F.R.D. 340, 351 (S.D. Ga. 1996)).

It is clear for the reasons discussed above in FLSA collective action section that the Plaintiff failed to state any facts to sufficiently support that her individual claims are interrelated to and not antagonistic with the class's claims as to ensure fair and adequate representation. As a result, the Plaintiff has not met the burden of establishing all of the elements of a Rule 23 class action. Therefore, the Court should grant Defendant's Motion to Strike the Rule 23 class allegations as prescribed by Rule 12(f) and Rule 23 of the Federal Rules of Civil Procedure.

D. **PERMITTING THIS ACTION TO PROCEED ON A CLASS/COLLECTIVE BASIS IS INAPPROPRIATE BECAUSE CERTIFICATION WOULD REQUIRE THIS COURT TO RULE ON THE MERITS TO DETERMINE PUTATIVE CLASS/COLLECTIVE MEMBERSHIP.**

Determining membership in Plaintiff's proposed class/collective action would require the Court to not only review the records and specific facts relevant to each putative member for an overbroad group of alleged employees, but also to rule that each class/collective member was not paid for all hours worked or had improper deductions taken when they were employed by Defendant(s). The Court would need to rule on the merits of the case; i.e., whether each individual

putative class/collective member was subjected to some alleged policy or practice that resulted in that individual not being paid for hours and overtime worked and/or who had improper deductions made, to determine class/collective membership.

Requesting the Court to rule on the merits at the earliest stage of this litigation is inappropriate. *See* Ann. Manual For Complex Litig., § 21.222 (it is inappropriate to define a class in such a way that class membership cannot be identified until the merits are resolved); *see also Mike v. Safeco Ins. Co.*, 223 F.R.D. 50, 53 (D. Conn. 2004) ("The proposed class is untenable because the court would have to conduct an individual inquiry regarding the merits of each proposed plaintiff's claim in order to determine class membership"); *Bostick v. St. Jude Medical, Inc.*, 2004 U.S. Dist. LEXIS 29997 (W.D. Tenn. Aug. 17, 2004) ("an inquiry into the merits of the case should not be required of the court in its determination of whether a person is a member of a class"); *Mueller v. CBS, Inc.*, 200 F.R.D. 227, 233-36 (W.D. Pa. 2001) (declining to certify class because determining membership in the class essentially would require a mini-hearing on the merits of each plaintiff's case).

The purpose of a class/collective action is to economize and simplify individual actions, and that purpose would not be served where each Plaintiff's or Opt-In Plaintiff's records and alleged employment history, such as location of work, hours and weeks worked, supervision, etc., would have to be extensively analyzed and the legitimacy of any policy or practice that those individuals were/are allegedly subject to be decided before class/collective membership could be determined.

Therefore, the Court should grant Defendant's Motion to Strike the FLSA Collective Action and Rule 23 Class Action.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Strike.

Dated: February 13, 2018

Respectfully submitted,

**M.G.B., INC. d/b/a PURE PLEASURE**

By: _____/s/_____
Thomas M. Lucas (VSB No. 27274)
Kristina H. Vaquera, Esq. (VSB No. 43655)
Milena Radovic, Esq. (VSB No. 91000)
Jackson Lewis, PC
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone: (757) 648-1445
Facsimile: (757) 648-1418
E-mail: thomas.lucas@jacksonlewis.com
vaquerak@jacksonlewis.com
milena.radovic@jacksonlewis.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February <u>13,</u> 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Justin P. Keating, Esq.
>Beins, Axelrod, P.C.
>1030 15th Street, N.W.
>Suite 700 East
>Washington, D.C. 20005

Notification of such filing will also be sent via First Class U.S. Mail to:

>Lloyd R. Ambinder, Esq.
>LaDonna Lusher, Esq.
>Virginia & Ambinder, LLP
>40 Broad Street, 7th Floor
>New York, New York, 10004

**M.G.B., INC. d/b/a PURE PLEASURE**

By: _____/s/_____
Thomas M. Lucas (VSB No. 27274)
Kristina H. Vaquera, Esq. (VSB No. 43655)
Milena Radovic, Esq. (VSB No. 91000)
Jackson Lewis, PC
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone:  (757) 648-1445
Facsimile:  (757) 648-1418
E-mail:  thomas.lucas@jacksonlewis.com
vaquerak@jacksonlewis.com
milena.radovic@jacksonlewis.com
*Counsel for Defendants*

4821-1602-2109, v. 1