IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| HANNAH CRAMER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 3:18-cv-39–HEH |
| | ) |
| ARKESIA, INC. d/b/a CLUB ROUGE, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**
**(Directing Clerk to Enter Judgment for Three Opt-in Plaintiffs)**

THIS MATTER is before the Court on its own initiative. Plaintiffs Hannah Cramer and Jessica Blakley ("Named Plaintiffs") bring this action, on behalf of themselves and all other persons similarly situated, against several adult entertainment establishments in the Richmond, Virginia-area and William Andreas Pyliaris (collectively "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (*See* Am. Compl., ECF No. 51.) On February 27, 2018 and March 13, 2018, Named Plaintiffs filed Notices of Consent to Join Suit as a Party Plaintiff (ECF Nos. 52, 86) and attached forms (ECF Nos. 52-1, 86-1) completed by twenty individuals[1] ("Opt-in Plaintiffs) consenting to join this collective action pursuant to 29 U.S.C. § 216(b).

On May 4, 2018, Named Plaintiffs filed three Notices of Acceptance with Offer of Judgment (ECF Nos. 166–68) informing the Court that Opt-in Plaintiffs Caitlin Griggs, Deanna Danger, and Emily LaCuesta had each accepted an Offer of Judgment from

---

[1] An additional form was completed and returned by Named Plaintiff Jessica L. Blakley (ECF No. 52-1, at 11), which will be disregarded as she joined in the Amended Complaint as a named party to this action.

Defendants. The issue before the Court is whether or not these Opt-in Plaintiffs are properly considered parties to this action prior to any decision regarding conditional certification or any determination as to whether they are similarly situated to Named Plaintiffs, within the meaning of the FLSA. For the reasons that follow, the Court determines that the Opt-in Plaintiffs are parties to this action. Therefore, the Clerk is DIRECTED to enter Judgment for the three individuals identified above.

The FLSA allows a plaintiff to bring an action against an employer that fails to pay minimum wage or compensate for overtime hours as a collective action. 29 U.S.C. § 216(b). Generally, courts approach certifying collective actions in two phases: (1) conditional class certification, and (2) class decertification. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008); *Purdham v. Fairfax Cty. Pub. Sch.*, 629 F. Supp. 2d 544, 547–48 (E.D. Va. 2009). The named plaintiff will typically move for conditional certification of the collective action early in the proceeding, and the court applies a lenient standard to determine whether the proposed collective action is "similarly situated" to the named plaintiff. *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 831 (E.D. Va. 2008). The "sole consequence of conditional certification is the sending of court-approved written notice to employees." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). If the defendant files a motion for decertification, which typically occurs after discovery is substantially completed, the court conducts a "heightened, fact-specific" similarly-situated analysis. *Houston*, 591 F. Supp. 2d at 832.

Conditional certification of a collective action is not a prerequisite to joinder by similarly situated parties. In pertinent part, the FLSA provides:

2

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Conspicuously absent from this section is any mention of certification, much less a requirement that certification be achieved prior to joinder. Moreover, in contrast to certification of a class action under Federal Rule of Civil Procedure 23, certification of a collective action is merely a "'case management" tool for district courts to employ in "appropriate cases.'" *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010) (quoting *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 169, 174 (1989)). Consequently, "certification is neither necessary nor sufficient for the existence of a representative action under FLSA." *Id.*

The Court of Appeals for the Eleventh Circuit recently addressed the legal status of employees that file their consent to join in the suit before the district court conditionally certifies the collective action. *See Mickles, et al. v. Country Club, Inc.*, No. 16-17484, 2018 U.S. App. Lexis 9744 (11th Cir. Apr. 18, 2018). After identifying the issue as one of first impression across all circuits, the court examined the text of § 216(b) and found that two requirements must be satisfied before a party consenting to join in a FLSA suit can be considered a party plaintiff. *Id.* at *8–10. "The first is a requirement of the named plaintiff—she must file on behalf of herself and others similarly situated employees. The second is a requirement of the opt-in employee—she must give her consent in writing" to the court where the action was filed. *Id* at *8. Once these two requirements are met, "the

3

opt-in plaintiffs remain party plaintiffs until the district court determines they are not similarly situated and dismisses them." *Id.* at *13.

In this case, the Named Plaintiffs brought this action on behalf of themselves and others similarly situated. (*See* Am. Compl.) Subsequently, Opt-in Plaintiffs filed their written consent to join the suit with this Court. (*See* ECF Nos. 52-1, 86-1.) Accordingly, the Opt-in Plaintiffs are parties to this action unless and until this Court determines they are not similarly situated to Named Plaintiffs. The Clerk is therefore DIRECTED to enter Judgement pursuant to Opt-in Plaintiffs Caitlin Griggs's, Deanna Danger's, and Emily LaCuesta's Acceptance of Federal Rule of Civil Procedure 68 Offer of Judgment (ECF Nos. 166–68).

The Clerk is DIRECTED to send a copy of this Memorandum Order to all counsel of record.

It is so ORDERED.

                                            /s/

                                     Henry E. Hudson
                                     United States District Judge

Date: May 15, 2018
Richmond, VA