**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

HANNAH CRAMER, et al.,

        Plaintiffs,

v.

ARKESIA, INC. d/b/a CLUB ROUGE, et al.,

        Defendants.

**Case No. 3:18cv00039**

**ANSWER TO COUNTERCLAIM; PLAINTIFFS' COUNTER-COUNTERCLAIM**

Counterclaim-Defendants, who are the named Plaintiffs in this Action and anyone who has opted into the potential 29 U.S.C. § 216(b) collective (collectively, "Plaintiffs") provide the following Answer to the Counterclaim filed by Counterclaim-Plaintiffs Arkesia, Inc. d/b/a Club Rouge; Circle 2, Inc. d/b/a Daddy Rabbits; Circle 2, Inc. d/b/a Candy Bar; Imaginary Images, Inc. d/b/a Paper Moon; BTF3 LLC d/b/a Paper Moon; M.G.B., Inc. d/b/a Pure Pleasure; and/or any other entities affiliated with or controlled by Club Rouge, Daddy Rabbits, Candy Bar, Paper Moon, or Pure Pleasure, and William Andreas Pyliaris, individually (collectively "Defendants").

1. Plaintiffs admit the allegations in paragraph 1 of the Counterclaims.
2. Plaintiffs admit the allegations in paragraph 2 of the Counterclaims.
3. Plaintiffs admit the allegations in paragraph 3 of the Counterclaims.
4. Plaintiffs admit the allegations in paragraph 4 of the Counterclaims.
5. Plaintiffs admit the allegations in paragraph 5 of the Counterclaims.
6. Plaintiffs admit the allegations in paragraph 6 of the Counterclaims.
7. Plaintiffs admit the allegations in paragraph 7 of the Counterclaims.

8. Plaintiffs admit that Defendant Pyliaris is the owner of Imaginary Images. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations regarding when Defendant Pyliaris acquired Imaginary Images.

9. Plaintiffs admit the allegations in paragraph 9 of the Counterclaims.

10. Plaintiffs admit that Defendant Pyliaris is the owner of BTF3, LLC d/b/a Papermoon. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations regarding when Defendant Pyliaris acquired BTF3, LLC d/b/a Papermoon.

11. Plaintiffs admit the allegations in paragraph 11 of the Counterclaims.

12. Plaintiffs admit the allegations in paragraph 12 of the Counterclaims.

13. Plaintiffs admit the allegations in paragraph 13 of the Counterclaims, and further admit that Plaintiff Blakely also performed at Candy Bar, Pure Pleasure and Baby Dolls.

14. The allegations contained in paragraph 14 of the Counterclaims constitute legal conclusions as to which no answer is required.

15. Plaintiffs admit the allegations in paragraph 15 of the Counterclaims.

16. To the extent paragraph 16 states Defendants' legal conclusions, no response is required Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 16 of the Counterclaims.

17. To the extent paragraph 17 states Defendants' legal conclusions, no response is required. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 17 of the Counterclaims.

18. To the extent paragraph 18 states Defendants' legal conclusions, no response is required. Plaintiffs admit that they performed at the clubs on scheduled dates. Plaintiffs deny the remainder of the allegations in paragraph 18 of the Counterclaims.

19. To the extent paragraph 19 states Defendants' legal conclusions, no response is required. Plaintiffs admit that they performed at the clubs. Plaintiffs deny that Defendants "reasonably" advertised the business for the benefit of Plaintiffs. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 19 of the Counterclaims.

20. To the extent paragraph 20 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 20 of the Counterclaims.

21. To the extent paragraph 21 states Defendants' legal conclusions, no response is required. Plaintiffs admit that they performed at the clubs. Plaintiffs further admit that Defendants did not pay them any wages. Plaintiffs deny the remainder of the allegations contained in paragraph 21 of the Counterclaims.

22. Plaintiffs admit that the agreement cited at ECF No. 148-1 states the allegations cited in paragraph 22 of the Counterclaims. Plaintiffs admit that Defendants set the minimum gratuity amounts that Defendants' customers gave to Plaintiffs. Plaintiffs admit that Defendants took portions of the gratuities that Defendants' customers gave. The remainder of the allegations contained in paragraph 22 of the Counterclaims constitute legal conclusions as to which no answer is required.

23. Plaintiffs admit that the agreement cited at ECF No. 148-1 states the allegations cited in paragraph 23 of the Counterclaims. Plaintiffs state that allegations contained in

paragraph 23 of the Counterclaims constitute legal conclusions as to which no answer is required.

24. Plaintiffs admit that the agreement cited at ECF No. 148-1 states the allegations cited in paragraph 24 of the Counterclaims.  Plaintiffs admit that Defendants required them to pay fees to work for Defendants each day.  Plaintiffs state that the remainder of the allegations contained in paragraph 24 of the Counterclaims constitute legal conclusions as to which no answer is required.

25. Plaintiffs admit that paragraph 11 of the agreement cited at ECF No. 146-1 states the allegations cited in paragraph 25 of the Counterclaims.  Plaintiffs admit that Defendants set minimum gratuity amounts that Defendants' customers gave to Plaintiffs.  Plaintiffs admit that Defendants took portions of the gratuities that Defendants' customers gave. Plaintiffs lack knowledge or information sufficient to form a belief about the remainder of the truth of the allegations in paragraph 25 of the Counterclaims

26. Plaintiffs admit that the agreement cited at ECF No. 146-1 states the allegations cited in paragraph 26 of the Counterclaims.  Plaintiffs state that the remainder of the allegations contained in paragraph 26 of the Counterclaims constitute legal conclusions as to which no answer is required.

27. Plaintiffs admit that the agreement cited at ECF No. 146-1 states the allegations cited in paragraph 27 of the Counterclaims. Plaintiffs admit that Defendants required them to pay fees to work for Defendants each day, but deny that .

28. To the extent paragraph 28 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations in paragraph 28 of the Counterclaims.

29. To the extent paragraph 29 states Defendants' legal conclusions, no response is required. Plaintiffs admit that Defendants set minimum gratuity amounts that Defendants' customers gave to Plaintiffs. Plaintiffs admit that Defendants took portions of the tips and/or gratuities that Defendants' customers gave. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 29 of the Counterclaims.

30. To the extent paragraph 30 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations in paragraph 30 of the Counterclaims.

31. To the extent paragraph 31 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations in paragraph 31 of the Counterclaims.

32. To the extent paragraph 32 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations in paragraph 32 of the Counterclaims.

33. To the extent paragraph 33 states Defendants' legal conclusions, no response is required. Plaintiffs admit that paragraph 9 of the agreement cited at ECF No. 148-1 states the allegations cited in paragraph 33 of the Counterclaims. Plaintiffs further admit that Defendant misclassified them as independent contractors and that as a matter of law they are employees; admit that as a matter of law they are entitled to retain all tips and gratuities they received during their employment; admit that through this litigation they seek damages including unpaid wages and return of unlawful deductions as detailed in their Complaint. Plaintiffs deny the remainder of the allegations in paragraph 33 of the Counterclaims.

34. To the extent paragraph 34 states Defendants' legal conclusions, no response is required. Plaintiffs admit that paragraph 12(D)(i) of the agreement cited at ECF No. 146-1 states

the allegations cited in paragraph 34 of the Counterclaims. Plaintiffs further admit that Defendant misclassified them as independent contractors and that as a matter of law they are employees; admit that as a matter of law they are entitled to retain all tips and gratuities they received during their employment; admit that through this litigation they seek damages including unpaid wages and return of unlawful deductions as detailed in their Complaint. Plaintiffs deny the remainder of the allegations in paragraph 34 of the Counterclaims..

35. To the extent paragraph 35 states Defendants' legal conclusions, no response is required. Plaintiffs admit that paragraph 12 of the agreement cited at ECF No. 146-1 states the allegations cited in paragraph 35 of the Counterclaims. Plaintiffs further admit that Defendant misclassified them as independent contractors and that as a matter of law they are employees; admit that as a matter of law they are entitled to retain all tips and gratuities they received during their employment; admit that through this litigation they seek damages including unpaid wages and return of unlawful deductions as detailed in their Complaint. Plaintiffs deny the remainder of the allegations in paragraph 35 of the Counterclaims.

36. To the extent paragraph 36 states Defendants' legal conclusions, no response is required. Plaintiffs admit that paragraph 12 of the agreement cited at ECF No. 146-1 states the allegations cited in paragraph 36 of the Counterclaims. Plaintiffs further admit that Defendant misclassified them as independent contractors and that as a matter of law they are employees; admit that as a matter of law they are entitled to retain all tips and gratuities they received during their employment; admit that through this litigation they seek damages including unpaid wages and return of unlawful deductions as detailed in

their Complaint. Plaintiffs deny the remainder of the allegations in paragraph 36 of the Counterclaims.

37. The allegations contained in paragraph 37 of the Counterclaims constitute legal conclusions as to which no answer is required.

38. The allegations contained in paragraph 38 of the Counterclaims constitute legal conclusions as to which no answer is required.

39. To the extent paragraph 39 states Defendants' legal conclusions, no response is required. Plaintiffs admit that Defendant misclassified them as independent contractors and that as a matter of law they are employees; admit that as a matter of law they are entitled to retain all tips and gratuities they received during their employment; admit that through this litigation they seek damages including unpaid wages and return of unlawful deductions as detailed in their Complaint. Plaintiffs deny the remainder of the allegations in paragraph 39 of the Counterclaims.

40. The allegations contained in paragraph 40 of the Counterclaims constitute legal conclusions as to which no answer is required.

41. To the extent paragraph 41 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 41 of the Counterclaims.

42. To the extent paragraph 42 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 42 of the Counterclaims.

43. To the extent paragraph 43 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 43 of the Counterclaims.

44. To the extent paragraph 44 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 44 of the Counterclaims.

45. To the extent paragraph 45 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 45 of the Counterclaims.

46. Plaintiffs restate and incorporate by reference their responses set forth in paragraphs 1 through 45 as if set forth fully herein.

47. The allegations contained in paragraph 47 of the Counterclaims constitute legal conclusions as to which no answer is required.

48. The allegations contained in paragraph 48 of the Counterclaims constitute legal conclusions as to which no answer is required.

49. The allegations contained in paragraph 49 of the Counterclaims constitute legal conclusions as to which no answer is required.

50. The allegations contained in paragraph 50 of the Counterclaims constitute legal conclusions as to which no answer is required.

51. To the extent paragraph 51 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 51 of the Counterclaims.

52. To the extent paragraph 52 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 52 of the Counterclaims.

53. To the extent paragraph 53 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 53 of the Counterclaims.

54. To the extent paragraph 54 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 54 of the Counterclaims.

55. To the extent paragraph 55 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 55 of the Counterclaims.

56. To the extent paragraph 56 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 56 of the Counterclaims.

57. To the extent paragraph 57 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 57 of the Counterclaims.

58. To the extent paragraph 58 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 58 of the Counterclaims.

59. To the extent paragraph 59 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 59 of the Counterclaims.

60. Plaintiffs restate and incorporate by reference their responses set forth in paragraphs 1 through 59 as if set forth fully herein.

61. To the extent paragraph 61 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 61 of the Counterclaims.

62. To the extent paragraph 62 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 62 of the Counterclaims.

63. To the extent paragraph 63 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 63 of the Counterclaims.

64. To the extent paragraph 64 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 64 of the Counterclaims.

65. To the extent paragraph 65 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 65 of the Counterclaims.

66. To the extent paragraph 66 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 66 of the Counterclaims.

67. To the extent paragraph 67 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 67 of the Counterclaims.

68. To the extent paragraph 68 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 68 of the Counterclaims.

69. To the extent paragraph 69 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 69 of the Counterclaims.

70. To the extent paragraph 70 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 70 of the Counterclaims.

71. To the extent paragraph 71 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 71 of the Counterclaims.

72. To the extent paragraph 72 states Defendants' legal conclusions, no response is required. Plaintiffs deny the remainder of the allegations contained in paragraph 72 of the Counterclaims.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

73. Defendants' Counterclaims fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

74. Defendant's Counterclaim fails to state a viable cause of action because it is contingent on future events.

### Third Affirmative Defense

75. Plaintiffs did not benefit from Defendants' misclassification of them as independent contractors.

76. Defendants have not suffered damages, and to the contrary, have been enriched by their unlawful conduct.

### Fourth Affirmative Defense

77. Plaintiffs are employees under the Fair Labor Standards Act ("FLSA).

78. Defendants did not pay Plaintiffs any wages.

79. The relief Defendants' Counterclaims seek would, if granted, violate the FLSA.

### Fifth Affirmative Defense

80. Defendants cannot offset Plaintiffs' gratuities against minimum and overtime wages Defendants owes to Plaintiffs pursuant to the FLSA, 29 U.S.C. 201 *et seq*.

### Sixth Affirmative Defense

81. Defendants cannot offset Plaintiffs' gratuities against damages Defendants owe to Plaintiffs for tip misappropriation and other unlawful deductions pursuant to the FLSA, 29 U.S.C. 201 *et seq*.

82. To the extent the Court rules that Plaintiffs' gratuities were mandatory service charges, Defendants cannot offset these amounts against damages Defendants owe to Plaintiffs for tip misappropriation and other unlawful deductions and kickbacks pursuant to the FLSA, 29 U.S.C. 201 *et seq*.

### Seventh Affirmative Defense

83. Defendants' Counterclaim is barred by the equitable doctrines of estoppel, waiver, and unclean hands.

### Eighth Affirmative Defense

84. Defendants' Counterclaim is barred by the statute of frauds.

### Ninth Affirmative Defense

85. Defendants' Counterclaim is barred by the doctrine of avoidable consequences.

### Additional Affirmative Defenses

86. Plaintiffs reserve the right to assert additional applicable defenses that may become known to Plaintiffs as discovery continues.

## PLAINTIFFS' COUNTER-COUNTERCLAIMS

87. Plaintiffs Hannah Cramer and Jessica Blakely filed Complaints in the instant action to exercise rights protected by the FLSA.

88. All opt-in Plaintiffs filed written consents to join the instant action to exercise rights protected by the FLSA.

89. Plaintiffs engaged in protected activity under the FLSA, 29 U.S.C. § 215(a)(3) by filing Complaints and by filing written consents to join the instant action.

90. Defendants discriminated and retaliated against Plaintiffs for engaging in this protected activity by filing Counterclaims against them.

91. Upon information and belief, Defendants did not file lawsuits against similarly situated individuals who did not participate in this lawsuit.

92. Defendants' Counterclaims are designed to harass and intimidate Plaintiffs and to otherwise interfere with their exercise of rights protected by the FLSA.

93. Plaintiffs have been damaged by Defendants' Counterclaims, including but not limited to incurring legal fees and costs.

94. Defendants' conduct was in bad faith and designed to punish Plaintiffs for protecting their rights, to induce Plaintiffs to withdraw from the case, and to dissuade other individuals from protecting their rights.

95. Defendants' conduct would dissuade a reasonable person from protecting her rights.

96. Due to Defendants' violations of 29 U.S.C. § 215(a)(3), Plaintiffs are entitled to compensatory damages, punitive damages, reasonable attorneys' fees and costs, and other appropriate relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for the following relief:

A. Dismissal of Defendants' Counterclaims with prejudice;

B. Compensatory damages and punitive damages for Defendants' violations of the anti-retaliation provisions of the FLSA;

C. Attorneys' fees and costs incurred by Plaintiffs to defend the instant Counterclaims; and

D. All relief requested in the First Amended Complaint.

Dated:
    June 19, 2018

                                        /s/
                            Justin P. Keating, Esq.
                            VA Bar #75880
                            BEINS, AXELROD, P.C.
                            1030 15th St. NW
                            Suite 700 East
                            Washington DC 20005

Tele: (202) 328-7222
Fax: (866) 204-3230
jkeating@beinsaxelrod.com

LaDonna Lusher
(Admitted *Pro Hac Vice*)
Lloyd R. Ambinder
(Admitted *Pro Hac Vice*)
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080
Fax : (212) 943-9082
lambinder@vandallp.com
llusher@vandallp.com

**COUNSEL FOR PLAINTIFFS AND PROPOSED CLASS**

**CERTIFICATE OF SERVICE**

I certify that on the 19th day of June, 2018, I filed the foregoing **ANSWER TO COUNTERCLAIM; PLAINTIFFS' NEW COUNTER-COUNTERCLAIM** which will in turn make electronic service on the following counsel of record:

Thomas M. Lucas
Kristina H. Vaquera
Milena Radovic
Jackson Lewis, PC
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Tele:   (757) 648-1445
Fax:    (757) 648-1418
thomas.lucas@jacksonlewis.com
vaquerak@jacksonlewis.com
milena.radovic@jacksonlewis.com

_____/s/_____

Justin P. Keating