**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **HANNAH CRAMER, et al.,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**ARKESIA, INC. d/b/a CLUB ROUGE, et al.,**<br><br>**Defendants.** | **Case No. 3:18-cv-00039** |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OPT-IN PLAINTIFF JE'ZHANE SMALLS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION AND STAY PROCEEDINGS PENDING ARBITRATION**

COMES NOW Defendants Arkesia, Inc. d/b/a Club Rouge ("Club Rouge"), Circle 2, Inc. d/b/a Daddy Rabbits ("Daddy Rabbits"), Circle 2, Inc. d/b/a Candy Bar ("Candy Bar"), Imaginary Images, Inc. d/b/a Paper Moon ("Imaginary Images"), BTF3, Inc. d/b/a Papermoon ("BTF3"), MGB., Inc. d/b/a Pure Pleasure ("Pure Pleasure"), and William Andrea Pyliaris ("Pyliaris") (collectively "Defendants") by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 7, 12(b)(1), 12(h)(3), the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., and the arbitration agreements existing between the Parties, hereby submit this Memorandum in Support of their Motion to Dismiss Opt-in Plaintiff Je'Zhane Smalls' First Amended Complaint because it lacks subject matter jurisdiction over this matter. In the alternative, Defendants move to compel arbitration and to stay Opt-in Plaintiff Je'Zhane Smalls' suit. In support thereof, Defendants state the following:

## I. INTRODUCTION

On February 9, 2018, Opt-in Plaintiff Je'Zhane Smalls ("Opt-in Plaintiff") signed a document agreeing to arbitrate any and all claims she has against Defendants, including any claims arising out of the Fair Labor Standards Act ("FLSA"). Rather than invoking arbitration, Opt-In Plaintiff filed a Consent to Join Collective Action in the instant case. Defendants hereby move this Court for an order dismissing Opt-in Plaintiff's action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and (h)(3). In the alternative, Defendants move this Court for an order compelling Opt-in Plaintiff to arbitrate this controversy and staying Opt-in Plaintiff's suit until completion of contractually-required arbitration. Defendants' motion to compel is brought pursuant to Rule 7 of the Federal Rules of Civil Procedure and Sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq.

## II. FACTS

1. On February 9, 2018, Opt-in Plaintiff executed a document entitled Business Status Selection by Entertainer and Offer of Employment ("Business Status Selection by Entertainer") and Entertainer Licensing Agreement. A true and accurate copy of the Business Status Selection by Entertainer and Entertainer Licensing Agreement are attached hereto as Exhibit 1 to the Declaration of Troy Poteet. (Poteet Decl., Exhibit A).

2. The Entertainer Licensing Agreement signed by Opt-In Plaintiff includes a comprehensive Arbitration provision.

3. Pursuant to Paragraph 21 of the Entertainer Licensing Agreement, any controversy, dispute, or claim arising out of or relating in any way to the agreement shall exclusively be resolved by an arbitrator. *See* Exhibit 1 at ¶ 21(A).

4. Regarding collective action waiver, the Entertainer Licensing Agreement provides that the Entertainer agrees that all claims she may have against the Club or any entity associated with the Club shall be maintained individually in an arbitration and agrees not to participate in any class, collective, or representative action against the Club or any entity associated with the Club. *See* Exhibit 1 at ¶ 21(B).

5. Regarding future enforceability, the Agreement states that an arbitrator shall have exclusive authority to resolve any disputes regarding the formation, validity, interpretation or enforceability of the Entertainer Licensing Agreement. *See* Exhibit 1 at ¶ 21(A).

6. On January 16, 2018, Plaintiff Hannah Cramer initiated this lawsuit by filing a Complaint against Defendants Arkesia, Inc. d/b/a Club Rouge ("Club Rouge"); Circle 2, Inc. d/b/a Daddy Rabbits ("Daddy Rabbits"); Circle 2, Inc. d/b/a Candy Bar ("Candy Bar"); Imaginary Images, Inc. d/b/a Paper Moon ("Imaginary Images"); M.G.B., Inc. d/b/a Pure Pleasure ("Pure Pleasure"), "And/Or Any Other Entities," and William Andreas Pyliaris ("Pyliaris"); asserting vague allegations under the Fair Labor Standards Act ("FLSA") and the Virginia Payment of Wage Law, § 40.1-29, to recover unpaid minimum wage and overtime payments allegedly owed to the Plaintiff and similarly-situated persons ("putative class"). *See* ECF No. 1.

7. On February 26, 2018, Plaintiff Cramer and Plaintiff Jessica Blakley ("Plaintiff Blakley") (collectively "Plaintiffs") filed a First Amended Class Action Complaint ("Amended Complaint"). *See* ECF No. 51. The named Plaintiffs allege three causes of action; failure to pay minimum wage in violation of the Fair Labor Standards Act ("FLSA"); failure to pay overtime; and a joint employer obligation. *Id.*

9. On June 11, 2018, Plaintiffs filed a Consent to Join Collective Action for Opt-In Plaintiff Je'Zhane Smalls. *See* ECF No. 205.

## III. LEGAL ARGUMENT

### A. MOTION TO DISMISS

#### 1. STANDARD OF REVIEW

Rule 12 of the Federal Rules of Civil Procedure allows a Defendant to move for dismissal of a claim when the court lacks subject matter jurisdiction over the action. *A.W. ex rel Wilson v. Fairfax Cnty. Sch. Bd.*, 548 F. Supp. 2d 219, 221 (E.D. Va. 2008); *see also* Fed.R.Civ.P. 12(b)(1), (h)(3). The Plaintiff bears the burden of proving that jurisdiction exists in federal court. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The court should grant a Rule 12 motion to dismiss if the material jurisdictional facts are known and the moving party is entitled to prevail as a matter of law. *Morgan v. Rowe Materials*, LLC, No. 3:08cv576, 2009 U.S. Dist. LEXIS 39902, at *3 (E.D. Va. May 11, 2009) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

#### 2. THE COURT LACKS SUBJECT MATTER JURISDICTION

When the Opt-In Plaintiff filed her Consent to Join Collective Action, she did not disclose her binding agreement to arbitrate her claims against Defendants, but the fact of the arbitration agreement is now properly before the Court.

Section 4 of the FAA provides, in relevant part, that a party aggrieved by the failure or refusal of another to arbitrate under a written agreement to arbitrate may seek an order compelling arbitration from "any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action… of the subject matter of a suit arising out of the controversy between the parties." 9 U.S.C. § 4. The Federal Rules of Civil Procedure

permit a party to assert by motion the defense of lack of jurisdiction over the subject matter of this lawsuit. Fed.R.Civ.P. 12(b)(1), (h)(3). In *RoadTechs, Inc. v. MJ Highway Tech., Ltd.*, this Court noted that the "decisional law supports the plain meaning of the FAA that it is within the district court's discretion whether to dismiss or stay an action after referring it to arbitration." 79 F. Supp. 2d 637, 640 (E.D. Va. 2000); *see also Silkworm Screen Printers, Inc. v. Abrams, et al.*, 978 F.2d 1256 (4th Cir. 1992). In *Choice Hotels International, Inc. v. BSR Tropicana Resort,* Inc., the Fourth Circuit held that "[n]otwithstanding the terms of §3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." 252 F.3d 707, 709–10 (4th Cir. 2001). [1]

In this case, Opt-In Plaintiff signed an Arbitration Agreement. The existence of the Agreement to arbitrate these claims against Defendants divests this Court of jurisdiction. Accordingly, the Court should grant Defendants' Motion to Dismiss.

## B. MOTION TO COMPEL ARBITRATION

### 1. The FAA Provides for Enforcement of Agreements to Arbitrate

The Federal Arbitration Act was enacted in 1925 in "response to hostility of American courts to the enforcement of arbitration agreements. . . . To give effect to this purpose, the FAA compels judicial enforcement of a wide range of written arbitration agreements." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 112 (2001). Section 2 of the FAA declares:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . .

[1] The Defendants acknowledge the Fourth Circuit's inconsistent position between *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 937 (4th Cir. 1999) and *Choice Hotels*. *See Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 376 n.18 (4th Cir. 2012) ("There may be some tension between our decision in *Hooters* — indicating that a stay is required when the arbitration agreement 'covers the matter in dispute' — and *Choice Hotels* — sanctioning dismissal 'when all of the issues presented . . . are arbitrable.'"); *see also Noohi v. Toll Bros.*, 708 F.3d 599, 605 n.2 (4th Cir. 2013); *but see Dillon v. BMO Harris Bank, N.A.*, 787 F.3d 707, 714 (4th Cir. 2015).

> .or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
>
> 9 U.S.C. § 2.

Section 3 of the FAA directs that a Court shall issue an order staying judicial proceedings where an issue therein is referable to arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.
>
> 9 U.S.C. § 3.

Additionally, Section 4 of the FAA directs a Court to issue an order compelling the parties to arbitrate when one party has failed or refused to arbitrate a controversy in accordance with an agreement to do so.

> A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . [U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.
>
> 9 U.S.C. § 4.

As the Supreme Court has observed,

> Congress' clear intent, in the Arbitration Act, [was] to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible. The Act provides two parallel devices for enforcing an arbitration agreement: a stay of litigation in any case raising a dispute referable to arbitration, 9 U.S.C. § 3, and an affirmative order to engage in arbitration, § 4. Both of these sections call for an expeditious and summary hearing, with only restricted inquiry into factual issues.
>
> *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983).

Absent delegation of such issues to an arbitrator, the Court's inquiry is limited to deciding whether an agreement to arbitrate exists and whether the claims at issue are arbitrable. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)(*citing Prima Paint Corp. v. Flood & Concklin Mfg. Co.*, 388 U.S. 395, 399-400 (1967)).

"The FAA's 'liberal federal policy favoring arbitration' is premised upon Congress' view that arbitration constitutes a more efficient dispute resolution process than litigation." *Dockser v. Schwartzberg*, 433 F.3d 421, 428 (4th Cir. 2006)(*citing Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24)); *see also Hightower v. GMRI, Inc.*, 272 F.3d 239, 242 (4th Cir. 2001)(there is a "clear federal directive in support of arbitration.").

In light of the liberal federal policy favoring arbitration, the Fourth Circuit has directed:

> When faced with an arbitration case...the district court's role is limited to determining whether the contract to arbitrate is valid and whether the dispute involved in the arbitration is within the subject matter of the contract to arbitrate. Once having made those determinations, the district court's role ends and the Act mandates that the district court enter an order of arbitration. . . .
>
> By its terms, the Act leaves no place for the exercise of discretion by the district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.

*Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 457 (4th Cir. 1997). "When a valid agreement to arbitrate exists between parties and covers the matter in dispute, the FAA commands the federal courts to stay any ongoing judicial proceedings, 9 U.S.C. § 3, and to compel arbitration, id. § 4." *Hooters of Am. v. Phillips*, 173 F.3d 933, 937 (4th Cir. 1999). "The FAA requires a court to stay 'any suit or proceeding' pending arbitration of 'any issue referable to arbitration under an agreement in writing for such arbitration.' 9 U.S.C. § 3. This stay-of-litigation provision is mandatory. A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview."

*Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002)(*citing United States v. Bankers Ins. Co.*, 245 F.3d 315, 319 (4th Cir. 2001)).

The Supreme Court has held that the employment contracts and employment claims are proper subjects of arbitration agreements. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001). In *Circuit City*, the Supreme Court stated "[w]e have been clear in rejecting the supposition that the advantages of the arbitration process somehow disappear when transferred to the employment context." *Circuit City*, 532 U.S. at 123. As the Fourth Circuit has recognized, the FAA "prevents parties from rushing to court whenever the prospect of arbitration appears uninviting. To allow them to do so would undermine the clear federal directive in support of arbitration." *Hightower*, 272 F.3d 241-42.

On or about February 8, 2018, Opt-in Plaintiff executed the Entertainer Licensing Agreement which provides that:

> **ANY CONTROVERSY, DISPUTE, OR CLAIM ARISING OUT OF, OR RELATING IN ANY WAY TO, THIS AGREEMENTS, ITS TERMINATION, ENTERTAINER PERFORMING AND/OR WORKING AT THE CLUB AT ANY TIME, OR THE TERMINATION OF SUCH PERFORMANCES OR WORK (COLLECTIVELY IN THIS PARAGRAPH 21, A "CLAIM" OR "CLAIMS"), SHALL BE RESOLVED EXCLUSIVELY BY BINDING ARBITRATION IN ACCORDANCE WITH THE FEDERAL ARBITRATION ACT (THE "F.A.A.").**

(Exhibit 1). Opt-In Plaintiff and the Defendants agreed that they would arbitrate any and all claims either party may have arising out of Opt-In Plaintiff's relationship with Defendants, rather than pursuing them through judicial proceedings.

Having agreed to arbitrate any and all such claims, including any FLSA claims arising, Plaintiff may not ignore her obligation to honor this Agreement. As Plaintiff has failed and refused to submit her claims to arbitration, the Court should stay her suit in accordance with the terms of the Entertainer Licensing Agreement, pursuant to Sections 3 and 4 of the FAA.

Therefore, the Court should enter an order staying Opt-In Plaintiff's lawsuit and compelling Plaintiff to proceed to arbitration.

**2. <u>Opt-In Plaintiff Delegated Exclusive Authority To Resolve Disputes Concerning Arbitrability To An Arbitrator</u>**

Moreover, Opt-In Plaintiff cannot challenge the application of the Arbitration Agreements in this Court because she expressly delegated the issue of arbitrability to an arbitrator. In *Peabody Holding Company, LLC v. United Mine Workers of America*, the Fourth Circuit explained that "[a]rbitrability disputes often necessitate a two-step inquiry."665 F.3d 96, 101 (4th Cir. 2012). Under the first step, the Court must "determine who decides whether a particular dispute is arbitrable: the arbitrator or the court." *Id.*

The U.S. Supreme Court has held that parties may assign the authority to decide questions of arbitrability to an arbitrator. In *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010), the Supreme Court held that a "delegation provision" assigning the authority to decide gateway questions of arbitrability to an arbitrator is itself an agreement to arbitrate, and must be treated as valid and enforceable by the Courts.

In applying the decision in *Rent-A-Center*, the Fourth Circuit noted that the Supreme Court "acknowledged matter-of-factly that, to submit the arbitrability determination to an arbitrator, a court must find clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Peabody Holding Co.*, 665 F.3d at 102. The Fourth Circuit explained that "the 'clear and unmistakable' test applies only 'to the parties' manifestation of intent, not the agreement's validity.'" *Id.*. As a result, "the Court *rejected* the plaintiff's argument that, to submit the merits question to the arbitrator, a court need find a 'clear and unmistakable' absence of unconscionability." *Id.* (emphasis added)

The arbitration provision in this case is clear. By signing the Arbitration Agreements, Opt-In Plaintiff explicitly agreed that an arbitrator "**SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY DISPUTES OVER THE FORMATION, VALIDITY, INTERPRETATION, AND/OR ENFORCEABILITY OF ANY PART OF THIS AGREEMENT, INCLUDING THE ARBITRATION PROVISION CONTAINED IN PARAGRAPH 21 AND THE SCOPE OF THESE ARBITRATION PROVISIONS**." *See* Exhibit 1 at ¶ 21 (emphasis in original). If Plaintiff disputes whether the arbitration agreement applies to her claims against Defendants, this issue *must* be presented to an arbitrator for ruling.

Accordingly, Opt-In Plaintiff's agreement to vest in an arbitrator exclusive authority to resolve all disputes regarding formation, validity, interpretation, and enforceability is permissible under the Act and must be enforced.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an order dismissing Opt-In Plaintiff's action for lack of subject-matter jurisdiction. Alternatively, the Defendants request that this Court enter an order staying the Opt-In Plaintiff's lawsuit until arbitration has been completed, and compel the Opt-In Plaintiff to proceed to arbitration on her claims.

Dated: June 28, 2018

Respectfully submitted,

**Arkesia, Inc. d/b/a Club Rouge,**
**Circle 2, Inc. d/b/a Daddy Rabbits,**
**Circle 2, Inc. d/b/a Candy Bar,**
**Imaginary Images, Inc. d/b/a Paper Moon,**
**BTF3, Inc. d/b/a Papermoon,**
**MGB., Inc. d/b/a Pure Pleasure,**
**AND William Andrea Pyliaris**

By: /s/
Thomas M. Lucas (VSB No. 27274)
Kristina H. Vaquera, Esq. (VSB No. 43655)
Milena Radovic, Esq. (VSB No. 91000)
Jackson Lewis, PC
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone: (757) 648-1445
Facsimile: (757) 648-1418
E-mail: thomas.lucas@jacksonlewis.com
vaquerak@jacksonlewis.com
milena.radovic@jacksonlewis.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Justin P. Keating, Esq.
Beins, Axelrod, P.C.
1030 15th Street, N.W.
Suite 700 East
Washington, D.C. 20005

Lloyd R. Ambinder, Esq.
LaDonna Lusher, Esq.
Michele A. Moreno, Esq.
Caroline Turner, Esq.
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York, 10004

**Arkesia, Inc. d/b/a Club Rouge,**
**Circle 2, Inc. d/b/a Daddy Rabbits,**
**Circle 2, Inc. d/b/a Candy Bar,**
**Imaginary Images, Inc. d/b/a Paper Moon,**
**BTF3, Inc. d/b/a Papermoon,**
**MGB., Inc. d/b/a Pure Pleasure,**
**AND William Andrea Pyliaris**

By: ________________/s/______________________
Thomas M. Lucas (VSB No. 27274)
Kristina H. Vaquera, Esq. (VSB No. 43655)
Milena Radovic, Esq. (VSB No. 91000)
Jackson Lewis, PC
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone: (757) 648-1445
Facsimile: (757) 648-1418
E-mail: thomas.lucas@jacksonlewis.com
vaquerak@jacksonlewis.com
milena.radovic@jacksonlewis.com
*Counsel for Defendants*

4845-7469-6812, v. 1