**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **HANNAH CRAMER, et al.,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**ARKESIA, INC. d/b/a CLUB ROUGE, et al.,**<br><br>**Defendants.** | **Case No. 3:18-cv-00039** |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

COMES NOW Defendants Arkesia, Inc. d/b/a Club Rouge, Circle 2, Inc. d/b/a Daddy Rabbits, Circle 2, Inc. d/b/a Candy Bar, Imaginary Images, Inc. d/b/a Paper Moon, BTF3 LLC d/b/a Papermoon, MGB., Inc. d/b/a Pure Pleasure, and William Andrea Pyliaris, by and through their undersigned counsel, hereby submit this Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint.

## I. PROCEDURAL HISTORY

1. Plaintiff Hannah Cramer ("Plaintiff Cramer") commenced this lawsuit by filing the Complaint on January 16, 2018 against Defendants Arkesia, Inc. d/b/a Club Rouge ("Club Rouge"); Circle 2, Inc. d/b/a Daddy Rabbits ("Daddy Rabbits"); Circle 2, Inc. d/b/a Candy Bar ("Candy Bar"); Imaginary Images, Inc. d/b/a Paper Moon ("Imaginary Images"); M.G.B., Inc. d/b/a Pure Pleasure ("Pure Pleasure"), "And/Or Any Other Entities," and William Andreas Pyliaris ("Pyliaris") (collectively "Defendants"). *See* ECF No. 1.

2. On February 13, 2018, Defendants Club Rouge, Daddy Rabbit, Candy Bar, and Pure Pleasure filed individual Motions to Dismiss as well as Motions to Strike. *See* ECF No. 14, 16, 19, 21, 24, 26, 29, 31.

3. On February 15, 2018, Defendant Imaginary Images filed a Motion to Dismiss and Motion to Strike. *See* ECF No. 34, 36.

4. On February 22, 2018, Defendant Pyliaris also filed a Motion to Dismiss and Motion to Strike. *See* ECF No. 41, 43.

5. On February 22, 2018, Defendant And/Or Any Other Entities filed a Motion for Dismiss for lack of personal jurisdiction and subject matter jurisdiction. *See* ECF No. 47–48.

6. On February 26, 2018, Plaintiff Cramer and Plaintiff Jessica Blakley ("Plaintiff Blakley") (collectively "Plaintiffs") filed a First Amended Class Action Complaint ("First Amended Complaint") alleging that Defendants Club Rouge, Daddy Rabbits, Candy Bar, Imaginary Images, Inc, BTF3 LLC d/b/a Papermoon ("BTF3"), Pure Pleasure, "And/Or Any Other Entities," and Pyliaris (collectively "Defendants") failed to pay overtime and minimum wage.

7. On March 12, 2018, Defendants Candy Bar, Daddy Rabbits, Imaginary Images, and Pylairis filed individual Motions to Dismiss the First Amended Complaint as well as Motions to Strike the Collective Actions Allegations in the First Amended Complaint. *See* ECF No. 58–81.

8. On March 12, 2018, Defendant And/Or Any Other Entities filed a Motion for Dismiss for lack of personal jurisdiction and subject matter jurisdiction. *See* ECF No. 82–83.

9. On March 13, 2018, Plaintiffs filed a Motion to Certify Class. *See* ECF No. 84–85.

10. On April 2, 2018, Defendant BTF3 filed a Motion to Dismiss the First Amended Complaint as well as Motion to Strike the Collective Actions Allegations in the First Amended Complaint. *See* ECF No. 101–104.

11. With the Memorandum of Law in Support of Motion for Conditional Collective Action Certification, Plaintiff filed declarations from Hannah Cramer, Jessica Blakley, Kristen Conner, Deanna Danger, Taylor Flanagan, Synclair Garnett, and Meghan Musto. *See* ECF. No 85-3–85-9.

12. Although Plaintiff Blakely never asserted in the First Amended Complaint that she performed for Defendant Candy Bar, in her Declaration she made the allegation for the first time, and subsequently, in her Memorandum in Opposition to Defendant Candy Bar's Motion to Dismiss asked the Court to take judicial notice of the allegation. *See* ECF. No 85-4, 106.

13. On May 31, 2018, Plaintiff filed a Notice of Consent to Join Suit for Shernell Crutchfield ("Opt-In Plaintiff Crutchfield"). *See* ECF No. 202.

14. On June 21, 2018, Plaintiff filed a Motion for Leave to File a Second Amended Class Action Complaint. *See* ECF No. 213. With the Motion, Plaintiffs filed a proposed Second Amended Class Action Complaint, which adds Opt-In Plaintiff Crutchfield as a named Plaintiff and Piccadilly Grill & Buffet d/b/a Babydolls as a Defendant and alleges that Plaintiff Blakely performed at Candy Bar. *See* ECF No. 213-2.

## II. LEGAL ARGUMENT

### A. STANDARD OF REVIEW

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within...21 days after serving it, or...21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever

is earlier.” Fed. R. Civ. P. 15(a)(1). After the expiration of the 21 days, “a party may amend its pleading only with the opposing party’s written consent or the court’s leave.” Fed. R. Civ. P. 15(a)(2). Under this circumstances, “[t]he court should freely give leave when justice so requires.” *Id.* However, a Court may deny a Motion to Amend in the following circumstances: “undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.” *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

**B. ALLOWING PLAINTIFFS THE OPPORTUNITY TO FILE A SECOND AMENDED COMPLAINT WOULD BE FUTILE**

Counsel for Plaintiffs have already amended the Complaint once without curing the deficiencies therein, an additional amendment would not be appropriate. *See Cook v. Nationwide Ins. Co.*,962 F. Supp. 2d 807, 813 (D. Md. 2013) (*Foman v. Davis*, 371 U.S. 178, 182 (1962)). In fact, several of the deficiencies in the Complaint and First Amended Complaint are still present in the Second Amended Complaint.

On January 16, 2018, Plaintiff Cramer initiated this lawsuit by filing a Complaint that asserted vague allegations pursuant to the Fair Labor Standards Act (“FLSA”) and the Virginia Payment of Wage Law, § 40.1-29, to recover unpaid minimum wage and overtime payments allegedly owed to the Plaintiff and similarly-situated persons (“putative class”). *See* ECF No. 1, Compl. ¶¶ 1, 7–8. Plaintiff Cramer alleged in the Complaint that she is “currently employed by Defendants as an entertainment employee.” ECF No. at 1 ¶ 14. However, Plaintiff Cramer failed to allege specifically which Defendants she worked for. *Id.* Plaintiff Cramer further failed to specify the date on which she allegedly began to perform at any of the Defendants’ facilities, or what weeks, months or years in which she allegedly did so. *Id.* Rather, Plaintiff Cramer merely

alleged, that "[u]pon *information and belief*, Defendants failed to pay Plaintiffs and other members of the putative class all earned wages, at the rate of one and one half times the regular rate of pay, for the times in which they worked after the first forty hours in any given week." ECF No. at ¶ 53.

In response to the Complaint, Defendants Club Rouge, Daddy Rabbit, Candy Bar, and Pure Pleasure filed a Motion to Dismiss and a Motion to Strike on February 13, 2018, Defendant Imaginary Images filed a Motion to Dismiss and a Motion to Strike on February 15, 2018, Defendant Pyliaris filed a Motion to Dismiss and Motion to Strike on February 22, 2018, and Defendant And/Or Any Other Entities filed a Motion for Dismiss on February 22, 2018. *See* ECF No. 14, 16, 19, 21, 24, 26, 29, 31, 34, 36, 41, 43, 47.

In their individual Motions to Dismiss, the Defendants argued that Plaintiff Cramer failed to plead sufficient facts to support an overtime claim because she must do more than merely allege that she regularly worked in excess of forty hours per week without receiving overtime pay. *See* ECF No. 15, 20, 25, 30, 35, 42. While Defendants Club Rouge, Daddy Rabbit, Candy Bar, Imaginary Images, and Pure Pleasure further argued that Plaintiff Cramer lacked standing to sue because she failed to allege that she suffered an injury-in-fact from the individual Defendants and therefore the Court lacked subject-matter jurisdiction. *See* ECF No. 15, 20, 25, 30, 35. In his Motion to Dismiss, Defendant Pyliaris also argued that Plaintiff Cramer failed to allege that he was individually liable as an employer because in her Complaint Plaintiff Cramer simply recited the elements of the employer test rather than articulating facts to support a finding of individual liability. *See* ECF No. 42. While Defendant And/Or Any Other Entities also argued that the Court lacked personal jurisdiction as Plaintiff failed to properly name the Defendant in an attempt to circumvent the Federal Rules of Civil Procedure.

In their individual Motions to Strike, Defendants Club Rouge, Daddy Rabbit, Candy Bar, Imaginary Images, Pure Pleasure, and Pyliaris argued that Plaintiff Cramer failed to sufficiently allege that the putative class members are similarly situated and that the Court would be required to engage in a highly individualized injury for each opt-in which is counterintuitive to the purpose of a collective action. *See* ECF No. 17, 22, 27, 33, 37, 44.

Subsequently, on February 27, 2018, Plaintiff Cramer filed a First Amended Complaint, which included Blakely as a named Plaintiff. In the First Amended Complaint, Plaintiff Cramer deleted the state law claims, alleged joint employer status, and articulated at which establishments she allegedly performed at.

However, Plaintiff Cramer failed to address the remaining deficiencies articulated in the Motion to Dismiss and Motion to Strike. After Defendants filed their individual Motions to Dismiss, Plaintiffs were aware of Fourth Circuit precedent requiring Plaintiffs to do more than merely allege that they worked in excess of forty hours per week without receiving overtime pay and that utilizing phrases like "regularly" to allege an overtime claim would not suffice. Yet, Plaintiff Cramer alleged that she worked as an "entertainment employee" for Club Rouge and Pure Pleasure. *See* ECF No. 51 at ¶ 54. Plaintiff Cramer further asserted that she *typically* worked approximately twenty-four hours per week *See* ECF No. 51 at ¶ 56. While Plaintiff Blakley plead that she worked as an "entertainer" at Club Rouge, Pure Pleasure, Daddy Rabbits, Paper Moon "Scott's Addition," Paper Moon "Southside," and Baby Dolls, which is not a party to this suit. *See* ECF No. 51 at ¶ 61. Although she cited "Paper Moon" she failed to identify which "Paper Moon" entity she is referring to, Imaginary Images or BTF3.

Plaintiff Blakely still plead in the First Amended Complaint that she *typically* worked more than forty hours per week without identifying how many hours she performed at the which

of the individual establishments. *See* ECF No. 51 at ¶ 63. She further asserted she *typically* worked four to five shifts a week, from 10:30 a.m. to 5:00 p.m., approximately two to three shifts per week; from 9:30 p.m. to 3:00 a.m, and *occasionally* worked until 4:00 a.m. *See* ECF No. 51 at ¶ 62 (emphasis added).

Consequently, on March 12, 2018, Defendants Candy Bar, Daddy Rabbits, Imaginary Images, and Pylairis filed individual Motions to Dismiss the First Amended Complaint as well as Motions to Strike the Collective Actions Allegations in the First Amended Complaint. *See* ECF No. 58–81. On April 2, 2018, Defendant BTF3 filed a Motion to Dismiss the First Amended Complaint as well as Motion to Strike the Collective Actions Allegations in the First Amended Complaint. *See* ECF No. 101–104.

In their individual Motions to Dismiss, Defendants Candy Bar, Daddy Rabbits, Imaginary Images, and Pylairis argued that Plaintiffs failed to sufficiently plead joint employer status since a mere recitation of the elements of the joint employer test would not suffice. *See* ECF No. 58–81. Defendants further argued that Plaintiff Cramer failed to allege that she ever worked more than forty hours and therefore could not pursue an overtime claim or serve as a class representative on such a claim. *See* ECF Nos. 70–71, 78–79, 101–102. While Plaintiff Blakely failed to sufficiently plead an FLSA overtime claim because she aggregated hours worked at various Defendants establishments as well as Baby Dolls, which is not a party to the suit. *See id.* Due to Plaintiff Cramer's continued failure to allege that she performed at Daddy Rabbits and Imaginary Images and therefore did not suffering an injury-in-fact, Defendants argued that the Court lacked subject matter jurisdiction. *See* ECF No. 72–73, 76–77. While Defendant Candy Bar argued that the Court should dismiss all claims against it as both Plaintiffs failed to allege that they performed at its establishment. *See* ECF No. 74–75. Defendant And/Or Any Other

Entities once again argued that the Court lacked jurisdiction as Plaintiff failed to properly name the Defendant.

In their individual Motions to Strike, Defendants Club Rouge, Daddy Rabbit, Candy Bar, Imaginary Images, Pure Pleasure, and Pyliaris once again argued that Plaintiff failed to sufficiently allege that the putative class members are similarly situated and that the Court would be required to engage in a highly individualized injury for each opt-in which is counterintuitive to the purpose of a collective action. *See* ECF No. 58–69.

Although the Court had not made a ruling on Defendants' Motions to Strike, on March 13, 2018, Plaintiffs filed a Motion to Certify Class which included a Declaration of Plaintiff Blakely that Plaintiffs attempt rely upon their opposition to the Motion to Dismiss in order to confer standing. *See* ECF No. 84–85.

Rather than curing these deficiencies in the Second Amended Complaint, Plaintiffs seek to add an additional named Plaintiff and Defendant and continue the same insufficient pleading practices. As with the Complaint and First Amended Complaint, Plaintiffs continually allege "joint employer" and restate the elements of the joint employer test but fail to plead any facts in support of that legal conclusion. However, Plaintiffs must plead "more than labels and conclusions" and more than "a formulaic recitation of the elements" of a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Similar to the Complaint and First Amended Complaint, Plaintiffs fail to sufficiently plead a FLSA overtime claim. In the proposed Second Amended Complaint, Plaintiffs allege that Crutchfield "worked for Defendants as an entertainment employee at Babydolls from approximately 2007 through June 2017. *See* ECF No. 213-2 at ¶ 73. Plaintiffs further allege that Opt-In Plaintiff Crutchfield *typically* worked seven shifts per week, with each shift lasting eight

hours and *typically* worked more than forty hours per week. *See* ECF No. 213-2 at ¶ 74–75. Plaintiff "must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay." *Hall v. DIRECTV, LLC,* 846 F.3d 757, 777 (4th Cir. 2017). In *Hall*, the Fourth Circuit Court of Appeals adopted the Second Circuit's holding in *Lundy v. Catholic Health Sys. of Long Island, Inc*., 711 F.3d 106 (2d Cir. 2013) and held "that to make out a plausible overtime claim, a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours." *Id.*

Although Plaintiffs seeks to add Babydolls as a party, they still maintain that "And/Or Any Other Entities" is a proper party to the suit, which is incorrect. Further, And/Or Any Other Entities has yet to be served. As the Seventh Circuit Court of Appeals explained in *United States ex rel. Lee v. Illinois,*"[t]he district court had *no jurisdiction over defendants* designated in the complaint as 'Unknown Subjects and Party(s)' since they were not named and served with summons and a copy of the complaint." 343 F.2d 120, 120–21 (7th Cir. 1965) (emphasis added).

As highlighted in Defendants' Memorandum in Opposition to the Motion to Certify Class Action, Plaintiffs also inconsistently refer to the named Defendants, a practice that they continue in the proposed Second Amended Complaint. Throughout the pleadings, Plaintiffs inconsistently and incorrectly refer to the Defendants Imaginary Images and BTF3 as "Paper Moon," "Papermoon," "Paper Moon (Scott's Addition)," and Paper Moon (Southside)." This inconsistent and incorrect pleading was present in the First Amended Complaint, Motion for Conditional Collective Action Certification, proposed Order, Memorandum in Support of the Motion for Conditional Collective Action Certification, Consent to Join Collective Action Notices of

Lawsuit, and Declarations in support of the Motion for Conditional Collective Action Certification, and proposed Second Amended Complaint.[1] Such continued, inconsistent and

---

[1] In the Motion for Conditional Collective Action Certification, the Plaintiffs continue the incorrect and inconsistent pleadings. ECF No. 84. For example, in the fourth line of the Motion for Conditional Collective Action Certification the Plaintiffs plead "Imaginary Images, Inc. d/b/a Paper Moon" and "BTF3 LLC d/b/a Papermoon, but then in the subsequent line, they plead "and/or other entities affiliated with or controlled by Club Rouge, Daddy Rabbits, Candy Bar, Paper Moon, Paper Moon, or Pure Pleasure." *Id.* Within one sentence, the Plaintiffs refer to the entities into different ways, "Papermoon" and "Paper Moon." *See id.* In addition, in the second half of the sentence they fail to clarify which Paper Moon is Imaginary Images and which is BTF3. *See id.* Then, on page 2 of the Motion for Conditional Collective Action Certification "Plaintiff request that the Court conditionally certify the following class of Opt-In Plaintiffs: All individuals who work or have worked for…Imaginary Images, Inc. d/b/a Paper Moon; BTF3 LLC d/b/a Paper Moon…and/or other entities affiliated with or controlled by Club Rouge, Daddy Rabbits, Candy Bar, Paper Moon (Scott's Addition), Paper Moon (Southside), and Pure Pleasure." *Id.* This is inconsistent with the first page of the Motion because it now refers to the parties as "Paper Moon (Scott's Addition)" and "Paper Moon (Southside)" without clarifying which entity is Imaginary Images and which is BTF3. With the Motion for Conditional Collective Action Certification, Plaintiffs filed a proposed Order, which contains the exact same inconsistent and incorrect pleadings. ECF No. 84-1. On page 2 of the Memorandum of Law in Support of the Motion for Conditional Collective Action Certification, Plaintiffs plead "Arkesia, Inc. d/b/a Club Rouge; Circle 2, Inc. d/b/a Daddy Rabbits; Circle 2, Inc. d/b/a Candy Bar; Imaginary Images, Inc. d/b/a Paper Moon; BTF3 LLC d/b/a Paper Moon," but then write "and/or other entities affiliated with or controlled by Club Rouge, Daddy Rabbits, Candy Bar, Paper Moon, or Pure Pleasure." With Defendant And/Or Entities it is unclear which "Paper Moon" Plaintiffs are referring to as they only plead one Paper Moon and have inconsistently utilized "Paper Moon" and "Papermoon." Moreover, this pleading is not consistent with the pleading in the First Amended Complaint or Motion for Motion for Conditional Collective Action Certification. In the line that follows, Plaintiffs plead Defendants own and operate adult entertainment clubs in Richmond, including but not limited to: Club Rouge, Daddy Rabbits, Candy Bar, Paper Moon (Scott's Addition), Paper Moon (Southside), and Pure Pleasure. From the pleading, it is unclear which Paper Moon is Imaginary Images and which is BTF3.

In the Notice of Lawsuit, Plaintiffs plead that the notice is "To: All current and former dancers employed at Club Rouge, Pure Pleasure, Daddy Rabbits, Paper Moon (Scott's Addition), Paper Moon (Southside), and/or Candy Bar." ECF No. 85-2. However, in the Consent to Join Collective Action, Plaintiffs write, "owed to me and other similarly situated employees employed by William Andreas Pyliaris; Club Rouge; Daddy Rabbits; Candy Bar; Paper Moon (Scott's Addition); Paper Moon (Southside); Pure Pleasure," but then write "and/or other entities affiliated with or controlled by William Andrea Pyliaris; Club Rouge; Daddy Rabbits; Paper Moon; or Pure Pleasure." ECF No. 85-1. Unlike the Consent to Join Collective Action, the Notice of Lawsuit contains no reference to "and/or other entities." In addition, in the Consent to Join Collective Action, the Plaintiffs refer to Paper Moon in two different ways in the same

incorrect identification of the corporate Defendants will cause further confusion for potential opt-ins and the Court.

For example, in the caption and preliminary statement of the First Amended Complaint and Second Amended Complaint, Plaintiffs reincorporated "Imaginary Images, Inc. d/b/a Paper Moon" and named "BTF3 LLC d/b/a Papermoon" as Defendants in the suit. *See* ECF No. 51, 213-2. Later in the section labeled "Parties" in the, Plaintiffs plead "Defendant Imaginary Images, Inc. d/b/a Paper Moon is a business…with its principal place of business located at 3300 Norfolk Street, Richmond Virginia 23230." *Id.* at ¶ 23. Regarding Defendant BTF3, Plaintiffs plead "Defendant BTF3 LLC d/b/a Paper Moon is a business…with its principal place of business located at 6710 Midlothian Turnpike, Richmond. However, Plaintiff Blakley plead that she worked for "Paper Moon (Scott's Addition)" and "Paper Moon (Southside)." *Id.*

Plaintiffs filed Declarations in support of the Memorandum of Law Support of the Motion for Conditional Collective Action Certification. In her Declaration, Plaintiff Blakely alleges that she performed at "Pure Pleasure, Daddy Rabbit's, Paper Moon, Candy Bar…and Club Rouge…from approximately 2012 through 2017 as an entertainer/dancer" ECF. No 85-4 at ¶ 1. However, Plaintiff Blakely does not clarify which Paper Moon she performed for, Imaginary Images or BTF3. *See id.* In addition, she only references one establishment while her allegations in the First Amended Complaint reference both establishments. Similarly, in her Declaration, Opt-in Plaintiff Conner pleads that she "worked at Club Rouge. Daddy Rabbits, Pure Pleasure, Candy Bar, Papermoon, and Babydolls…from approximately 2000 to 2002 through approximately December 2016 as a dancer." ECF. No 85-5 at ¶ 1. Likewise, Opt-in Musto

---

sentence, and in the second half of the sentence simply refer to a single entity known as "Paper Moon." *See id.* In addition, unlike the First Amended Complaint, Plaintiffs do not refer to the two establishments as "Paper Moon" for Defendant Imaginary Images and "Papermoon" for Defendant BTF3. *See* ECF No. 51.

pleads that she performed at "Paper Moon." ECF. No 85-9 at ¶ 1. Neither Opt-in Plaintiff Conner nor Musto clarify which Papermoon or Paper Moon they performed for, Imaginary Images or BTF3. *See id.*

The named Plaintiffs and Opt-in Plaintiffs interchangeably refer to the entities as "Paper Moon," "Papermoon," "Paper Moon (Scott's Addition)," and "Paper Moon (Southside)". If the individuals already represented by counsel do not have a clear understanding of the different entities, how can the Court expect potential Opt-Ins to know the difference? In addition, Plaintiffs confuse the matter even further by using "Scott's Addition" and "Southside" as names for the Defendants. Although these are colloquial names, different entertainers use different names for the exact same establishment. For example, some entertainers apparently refer to "Scott's Addition" as "Downtown."

Likewise, Plaintiffs inconsistently and interchangeably refer to proposed Defendant Piccadilly Grill & Buffet d/b/a Babydolls. In the First Amended Complaint, Plaintiffs state "Plaintiff Jessica Blakley worked as an entertainer at…Baby Dolls." *See* ECF No. 51. In the proposed Second Amended Complaint, Plaintiffs allege that Plaintiff Jessica Blakley worked as an entertainer at…Babydolls." *See* ECF No. 213-2. Yet, the tracked changes version submitted to the Court fails to note that Plaintiffs changed the name of the proposed Defendant from the First Amended Complaint to the proposed Second Amended Complaint.

More concerning than Plaintiffs' repeated failure to sufficiently plead to cure deficiencies is the fact that Plaintiffs filed a Notice of Consent to Join Suit for Opt-In Plaintiff Crutchfield prior to Baby Dolls becoming a party to the suit. From the proposed Second Amended Complaint, it is clear that Opt-in Plaintiff Crutchfield only performed at Babydolls. Yet,

Plaintiffs filed a Notice of Consent for her to join the lawsuit that as of May 31 only involved Defendants Candy Bar, Daddy Rabbits, Imaginary Images, and BTF3.

As discussed above, Plaintiffs have repeatedly failed to cure deficiencies in the Complaint. Since Plaintiffs failed to cure deficiencies that Defendants previously put on notice of in the First Amended Complaint. Accordingly, the Court should deny Plaintiffs' request to amend their Complaint.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion for Leave to File Second Amended Complaint.

Dated: July 9, 2018

Respectfully submitted,

**Arkesia, Inc. d/b/a Club Rouge,**
**Circle 2, Inc. d/b/a Daddy Rabbits,**
**Circle 2, Inc. d/b/a Candy Bar,**
**Imaginary Images, Inc. d/b/a Paper Moon,**
**BTF3, Inc. d/b/a Papermoon,**
**MGB., Inc. d/b/a Pure Pleasure,**
**And William Andrea Pyliaris**

By: /s/

Thomas M. Lucas (VSB No. 27274)
Kristina H. Vaquera, Esq. (VSB No. 43655)
Milena Radovic, Esq. (VSB No. 91000)
Jackson Lewis, PC
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone: (757) 648-1445
Facsimile: (757) 648-1418
E-mail: thomas.lucas@jacksonlewis.com
vaquerak@jacksonlewis.com
milena.radovic@jacksonlewis.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Justin P. Keating, Esq.
Beins, Axelrod, P.C.
1030 15th Street, N.W.
Suite 700 East .
Washington, D.C. 20005

Lloyd R. Ambinder, Esq.
LaDonna Lusher, Esq.
Michele A. Moreno, Esq.
Caroline Turner, Esq
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York, 10004

**Arkesia, Inc. d/b/a Club Rouge,**
**Circle 2, Inc. d/b/a Daddy Rabbits,**
**Circle 2, Inc. d/b/a Candy Bar,**
**Imaginary Images, Inc. d/b/a Paper Moon,**
**BTF3, Inc. d/b/a Papermoon,**
**MGB., Inc. d/b/a Pure Pleasure,**
**And William Andrea Pyliaris**

By: /s/
Thomas M. Lucas (VSB No. 27274)
Kristina H. Vaquera, Esq. (VSB No. 43655)
Milena Radovic, Esq. (VSB No. 91000)
Jackson Lewis, PC
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone: (757) 648-1445
Facsimile: (757) 648-1418
E-mail: thomas.lucas@jacksonlewis.com
vaquerak@jacksonlewis.com
milena.radovic@jacksonlewis.com
*Counsel for Defendants*

4822-1317-1821, v. 1