**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| HANNAH CRAMER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARKESIA, INC. d/b/a CLUB ROUGE, et al.,<br><br>Defendants. | Case No.: 3:18-cv-00039-HEH |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR
DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT**

Arm's length negotiations have concluded with the parties' agreement to resolve this matter by agreement. A true and accurate copy of the proposed Settlement Agreement will be filed under seal pending the Court's approval of the Joint Motion for Leave to File Settlement Agreement Under Seal. For the following reasons, the settlement is fair and equitable, and properly considers the risks and uncertainties the parties would face should the case not settle.

## I. INTRODUCTION

In this Fair Labor Standards Act ("FLSA") case, Plaintiff and Defendants jointly request that the Court enter an Order approving the settlement reached between the parties in resolution of a bona fide dispute regarding Plaintiff's entitlement to damages under the FLSA and dismissing his claims with prejudice while maintaining jurisdiction to enforce the terms of the settlement agreement. The parties have negotiated a court-supervised settlement in this action, and they have

1

agreed to resolve the disputed factual and legal issues on the terms set forth in the Settlement Agreement.

The parties seek Court approval of their Settlement Agreement because claims under the FLSA, like those settled and released by Plaintiff in the Settlement Agreement, may not be waived without Department of Labor or court approval. 29 U.S.C. § 216(b) and (c); Taylor v. Progress Energy, Inc., 415 F.3d 364, 371 (4th Cir. 2005) ("The rights guaranteed by the FLSA cannot be waived or settled without prior DOL or court approval."); Lynn's Food Stores v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982) (accord). Upon examination of the Settlement Agreement, the Court will find that the Settlement Agreement is fair and should be approved. The Settlement Agreement reflects reasonable compromises of issues actually in dispute, the settlement was reached in an adversarial context in which both parties were represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable.

## II.  PROCEDURAL HISTORY

On January 16, 2018, Plaintiff Hannah Cramer filed this action, seeking to recover unpaid minimum wages, unpaid overtime wages, illegally retained gratuities, other unlawful deductions, liquidated damages, and attorneys' fees.

Defendants filed its answer on May 29, 2018, denying Plaintiffs' claims, asserting counterclaims for breach of contract, unjust enrichment, and quantum meruit, and requesting an offset. Defendants deny any wrongdoing as well as any violation of law, statute, or regulation.

On July 25, 2018, the Parties appeared for a settlement conference before the Magistrate Judge Young. Although the Parties did not reach a resolution on July 25, 2018, the Parties

continued to settlement discussions, and on August 1, 2018, the Parties reached a verbal agreement, which was subsequently memorialized in writing. On September 10, 2018, the Parties appeared for a follow-up settlement conference before Magistrate Judge Young to ensure that all Parties had executed the agreement and execute a Memorandum of Understanding Regarding Settlement Agreement. The Parties also executed the previously-agreed upon settlement on that same date, which is submitted with this Motion for approval by this Court.

### III. THE PARTIES LITIGATION POSITIONS AND PERTINENT SETTLEMENT TERMS

Plaintiffs Hannah Cramer, Jessica Blakley, Shernell Crutchfield, and Opt-In Plaintiffs allege that they were employed by Defendants as entertainers/dancers at several establishments operated by Defendants. While Plaintiffs Blakley and Crutchfield claim they worked more than forty-hours per week in the Complaint, other Plaintiffs assert that they worked between twelve (12) hours a week at minimum and eighty (80) hours at maximum.

At all relevant times, Plaintiffs were classified as independent contractors rather than employees. Thus, plaintiffs were paid no wages directly from the Defendants. Instead, Plaintiffs' were strictly and solely compensated by individual patrons of the clubs. Defendants contend that majority of Plaintiffs' compensation constituted "service charges" which lawfully belonged to Defendants.

Plaintiffs also sought liquidated damages in the complaint. Defendants argue that Plaintiffs are not entitled to liquidated damages under the FLSA. Defendants assert they always acted reasonably and in good faith, and with reasonable grounds to believe that its actions did not violate the FLSA, including by their reliance on a Department of Labor March 2014 finding that Defendants were in compliance with FLSA provisions with respect to entertainers.

According to the Plaintiffs' damages model, if Plaintiffs prevailed and the jury found Plaintiffs were owed unpaid wages, Plaintiffs would receive $1,234,052.79. Plaintiffs would have been entitled to liquidated (double) damages under the FLSA unless Defendants proved that the alleged violations were in good faith. See 29 U.S.C. § 260. Thus, the total amount owed to Plaintiffs for unpaid wages and liquidated damages would equal $2,468,105.59. If, alternatively, a jury agreed with Defendants, Defendants assert that Plaintiffs would have no damages, and Defendants would be entitled to an offset.

Under the Settlement Agreement, Defendants will pay a gross settlement amount of $830,000. This award is inclusive of attorneys' fees and costs. The Settlement Agreement is broken down into tree equal installments, sixty (60) calendar days apart, with the first installment to be paid within sixty (60) calendar days after entry of the Court's Approval Order, and the final payment to be paid within one-hundred and eighty (180) calendar days thereafter. The settlement reached by the parties calls for a mutual release, and payment to Plaintiffs in the amount of $830,000, inclusive of attorneys' fees and expenses of litigation. The settlement does not specify any particular amount relative to attorneys' fees.

### IV. THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT AND DISMISS THE ACTION WITH PREJUDICE

The Court should approve the Settlement Agreement and dismiss the action with prejudice because the settlement is the product of contested litigation, the parties are represented by competent and experienced counsel, the settlement was mediated by Judge Young, and the Settlement Agreement reflects a reasonable compromise over disputed issues. The Settlement Agreement's provisions are fair and reasonable in light of the disputed issues.

The Fourth Circuit has not set forth specific guidelines for approval of an FLSA settlement. As a result, most courts rely on the factors discussed in the Eleventh Circuit's decision in *Lynn's*

*Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982).  According to the Eleventh Circuit, when reviewing a proposed FLSA settlement, the district court must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  Id. at 1353, 1355.  In applying this analysis, the district court should examine four factors:

1. Was the settlement achieved in an adversarial context?
2. Was the Plaintiff represented by attorneys who can protect his rights?
3. Does the settlement reflect a reasonable compromise over issues that are actually in dispute?
4. Is the settlement fair?

Id. at 1353-54.

The Settlement Agreement currently before the Court satisfies each of these factors.  The settlement was negotiated at arm's length with the help of Magistrate Judge Hon. Roderick C. Young. More specifically, the parties appeared before Judge Young for two separate in-person settlement conferences on July 25, 2018 and again on September 10, 2018.  No less than 15 opt-in plaintiffs appeared at the first conference, and the two named plaintiffs appeared at the September 10th conference.  Plaintiffs were represented by counsel experienced in FLSA litigation who protected the rights of their client during the negotiations. The settlement reflects a reasonable compromise regarding bona fide disputes between the parties regarding the questions of liability and the amount of alleged damages under the FLSA.

Further, the Parties both agree that the settlement is fair, just, and adequate to settle Plaintiffs' claims.  The endorsement of the Settlement Agreement by counsel for both Parties is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanella v. A&R Demolition, Inc.*, No. 04-cv-1965, 2008 U.S. Dist. LEXIS 37449, at * 14 (S.D.

5

Tex. May 7, 2008). Here, Plaintiffs' counsel is fully aware of the factual contentions of their client and are in the best position to opine as to whether this settlement produces fair results after consideration of risks. They have concluded that a settlement with Defendants on the terms set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Plaintiff.

## V.     CONCLUSION

For these reasons, the Parties respectfully request that this Court approve the Settlement Agreement in this matter. The Parties further respectfully request that, should the Court approve the Settlement Agreement, it also enter an order dismissing this action with prejudice, while maintaining jurisdiction to enforce the terms of the settlement.

**Respectfully submitted,**

/s/
Justin P. Keating (VA Bar #75880
BEINS, AXELROD, PC
1717 K St. NW
Suite 1120
Washington, D.C. 20006
Tel: (202) 328-7222
jkeating@beinsaxelrod.com

/s/
Lloyd R. Ambinder (*Pro Hac Vice Admission*)
LaDonna Lusher (*Pro Hac Vice Admission*)
VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080
lambinder@vandallp.com
llusher@vandallp.com

**ATTORNEYS FOR PLAINTIFFS**

/s/
Thomas M. Lucas (VSB No. 27274)
Kristina H. Vaquera, Esq. (VSB No. 43655)

        Milena Radovic, Esq. (VSB No. 91000)
Jackson Lewis, PC
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone:   (757) 648-1445
Facsimile:    (757) 648-1418
E-mail:       thomas.lucas@jacksonlewis.com
               vaquerak@jacksonlewis.com
               milena.radovic@jacksonlewis.com

**ATTORNEYS FOR DEFENDANTS**

**Certificate of Service**

I hereby certify that on September 29, 2018, I electronically file the foregoing MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which then send a notification of such filing (NEF) to opposing counsel as follows:

    Thomas M. Lucas
    Kristina H. Vaquera
    Milena Radovic
    Jackson Lewis, P.C.
    500 E. Main Street, Suite 800
    Norfolk, Virginia 23510
    (757) 648-1145
    thomas.lucas@jacksonlewis.com

                                                    /s/
                                           Justin P. Keating