IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

HANNAH CRAMER, et al.,

Plaintiffs,

v.  Case No. 3:18-cv-00039

ARKESIA, INC. d/b/a CLUB ROUGE; et al.,

Defendants.

**DEFENDANTS' OBJECTION TO PLAINTIFFS' SUBMISSION IN SUPPORT OF ATTORNEYS' FEES, COSTS AND POST-JUDGMENT INTEREST**

Defendants ARKESIA, INC. d/b/a CLUB ROUGE; CIRCLE 2, INC. d/b/a DADDY RABBITS; CIRCLE 2, INC. d/b/a CANDY BAR; IMAGINARY IMAGES, INC. d/b/a PAPER MOON; BTF3 LLC d/b/a PAPERMOON; M.G.B., INC. d/b/a PURE PLEASURE; PICCADILLY GRILL & BUFFET, INC. d/b/a BABYDOLLS; and/or any other entities affiliated with or controlled by ARKESIA, INC. d/b/a CLUB ROUGE; CIRCLE 2, INC. d/b/a DADDY RABBITS; CIRCLE 2, INC. d/b/a CANDY BAR; IMAGINARY IMAGES, INC. d/b/a PAPER MOON; BTF3 LLC d/b/a PAPERMOON; M.G.B., INC. d/b/a PURE PLEASURE; PICCADILLY GRILL & BUFFET, INC. d/b/a BABYDOLLS; and WILLIAM ANDREAS PYLIARIS respectfully object and oppose Plaintiffs' Submission in Support of Attorneys' Fees, Costs and Post-Judgment Interest (Docket Entry No. 286), for the following reasons:

I. **INTRODUCTION**

This is a case in which Plaintiffs are seeking excessive hours and high hourly rates when such hours are minimal and such rates are much lower. Although the Court determined that the Defendants breached the April 1, 2019 payment (Docket Entry No. 285), the Court also ruled that no breach occurred with respect to the January 1, 2019 payment. As such, Plaintiffs are

entitled to **only** the costs and fees for the April 1, 2019 breach. Moreover, Plaintiffs are entitled to a reasonable hourly rate for the Richmond Metropolitan Area – not the District of Columbia. Accordingly, the Court should, and must, ignore Plaintiffs' attempt at overreaching.

## II. ARGUMENT

### A. Standard of Review.

The fee applicant bears the burden of demonstrating the reasonableness of its fee request and the burden of producing evidence that the requested rates align with market rates for similar work "by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984); see also *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). The party seeking payment "must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Hensley v. Eckerhart*, 461 U.S. 424, 441 (1983) (Burger, C.J., concurring). Analysis of reasonable attorneys' fees begins with a lodestar calculation of reasonable hourly rates multiplied by hours reasonably expended. *Grissom*, 549 F.3d at 320.

In determining reasonable attorneys' fees, the Court must also apply the twelve factors set forth in *Johnson*. *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir.1978) (adopting the twelve factor test used in *Johnson v. Georgia Highway Express. Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974) ). The Fourth Circuit has held, "to the extent that any of these [Johnson] factors already ha[ve] been incorporated into the lodestar analysis, we do not consider that factor a second time." *E. Associated Coal Corp. v. Dir., OWCP*, 724 F.3d 561, 570 (4th Cir.2013) (citing *Perdue v. Kenny A.*, 559 U.S. 542, 130 S.Ct. 1662 1673, 176 L.Ed.2d 494 (2010) ). The Fourth Circuit has also recognized that the "district court is under no obligation to go through the inquiry of those [Johnson] factors that do not fit." *In re A.H. Robins Co., Inc.*, 86 F.3d 364, 376 (4th Cir.1996). Therefore, the Court need not address each *Johnson* factor. After calculating the lodestar and applying the *Johnson* factors, the Court should subtract fees for unsuccessful claims.

*Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir.2008) (citing *Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir.2002)).

    B.    <u>Plaintiffs' Hours Are Excessive</u>.

On May 8, 2019, Plaintiffs submitted a request for $9300.00 in attorney's fees. (ECF No. 286) Put bluntly, Plaintiffs are not entitled to this amount. A cursory review of Plaintiffs' contingent "bill" reveals Plaintiffs are seeking to recover money for all of the work they performed, including the work they performed for the six (6) January 1, 2019 Plaintiffs. Considering the Court ruled that Defendants did not breach the January 1, 2019 payment, and considering the breach did not happen until April 1, 2019, Defendants submit the Court should subtract the following time from Plaintiffs' submission:

| Date | Professional | Hours |
|---|---|---|
| 2/21/19 | Justin Keating | .30 |
| 2/25/19 | Justin Keating | .30 |
| 2/26/19 | Justin Keating | .80 |
| 3/4/19 | Justin Keating | 1.0 |
| 3/6/19 | Justin Keating | 0.3 |
| 3/12/19 | Justin Keating | 0.3 |
| 3/14/19 | Justin Keating | 0.2 |
| 3/20/19 | Justin Keating | 0.3 |
| 3/21/19 | Justin Keating | 0.1 |
| 3/25/19 | Justin Keating | 0.5 |
| 3/26/19 | Justin Keating | 3.0 |
| 3/27/18 | Justin Keating | 0.5 |

| Date | Professional | Hours |
|---|---|---|
| 3/28/19 | Justin Keating | 0.5 |
| 3/29/19 | Justin Keating | 0.4 |
| | TOTAL | 8.5 |

In addition, according to Plaintiffs' "bill", the following hours have nothing to do with the April 1, 2019 breach:

| Date | Professional | Hours |
|---|---|---|
| 4/4/19 | Justin Keating | 1.60 |
| 4/5/19 | Justin Keating | 0.1 |
| 4/8/19 | Justin Keating | 0.1 |
| | TOTAL | 1.8 |
| | COMBINED TOTAL | 10.2 |

Based on the above, and giving Plaintiffs the benefit of every imaginable doubt, Plaintiffs claimed hours of 22.5 hours should be reduced to 10.2 hours.

C. <u>The Richmond Division Does Not Recognize the Vienna Metro Matrix.</u>

Plaintiffs rely upon the Vienna Metro Matrix to support their demand for an hourly rate of $500.00 per hour. This matrix, however, is not recognized in the Richmond Division of the Eastern District of Virginia. (See Declaration of Richard Hawkins, III, dated May 22, 2019, attached as Exhibit A). Analogously, the Fourth Circuit has reduced attorneys' requested rates finding that they failed to provide evidence to support applicability in Reston, Virginia of the

4

Laffey Matrix used by the District of Columbia Circuit to determine prevailing hourly rates for litigation counsel in Washington, D.C. *Grissom*, 549 F.3d at 323.

Furthermore, Plaintiffs fail to provide sufficient evidence to support this exorbitant rate. Instead, they rely upon another Plaintiff's lawyer who filed a similar action against these Defendants and who has an interest in setting the highest possible hourly rate for himself.

Based on the above, and for the reasons set forth in the Hawkins Declaration (See Exhibit A), Defendants submit the $400.00 per hour is a reasonable hourly rate for Plaintiffs' Counsel.

D. <u>Plaintiffs Are Not Entitled to Post-Judgment Interest</u>.

There is no Judgment in this case. Despite this, Plaintiffs now seek post-judgment interest. Under the post-judgment statute, 28 U.S.C. § 1961, post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court. . . ." Section 1961 further provides that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961. Again, there is no money judgment in this case. As such, the Court should deny Plaintiffs' request for post-judgment interest.

E. <u>Plaintiff's Costs Have Nothing To Do With The April 1, 2019 Breach</u>.

In their submission, Plaintiff Kobi Renner seeks $304.52 in expenses that have nothing to do with the April 1, 2019 breach. Accordingly, the Court should not award these expenses.

III. **CONCLUSION**

For the foregoing reasons, Defendants respectfully submit that the following amount is an appropriate award to Plaintiffs for the April 1, 2019 breach: 10.2 hours x $400.00/hour = $4,080.00.

Respectfully submitted,

ARKESIA, INC. d/b/a CLUB ROUGE; CIRCLE 2, INC. d/b/a DADDY RABBITS; LVP, INC. d/b/a CANDY BAR; IMAGINARY IMAGES, INC. d/b/a PAPER MOON; BTF3 LLC d/b/a PAPERMOON; M.G.B., INC. d/b/a PURE PLEASURE; PICCADILLY GRILL & BUFFET, INC. d/b/a BABYDOLLS; and/or any other entities affiliated with or controlled by ARKESIA, INC. d/b/a CLUB ROUGE; CIRCLE 2, INC. d/b/a DADDY RABBITS; CIRCLE 2, INC. d/b/a CANDY BAR; IMAGINARY IMAGES, INC. d/b/a PAPER MOON; BTF3 LLC d/b/a PAPERMOON; M.G.B., INC. d/b/a PURE PLEASURE; PICCADILLY GRILL & BUFFET, INC. d/b/a BABYDOLLS; and WILLIAM ANDREAS PYLIARIS

By Counsel

_____/s/_____
Brian K. Telfair (VSB No. 40516)
Phone: (804) 419-6761
Fax: (804) 864-5292
Email: BTelfair@GeeLawFirm.com
211 East German School Road
Richmond, Virginia 23224

Thomas Lucas, Esq. (VSB No. 27274)
Milena Radovic, Esq. (VSB No. 43655)
JACKSON LEWIS, PC
500 E. Main Street
Suite 800
Norfolk, VA 23510
Thomas.Lucas@jacksonlewis.com
Milena.Radovic@jacksonlewis.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of May, 2019, I will file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Lloyd Ambinder, Esq.
> VIRGINIA & AMBINDER, LLP
> 40 Broad Street, 7th Floor
> New York, New York 10004
> LAmbinder@vandallp.com
>
> J. Keating, Esq.
> BEINS, AXELROD PC
> 1030 15th Street NW #700e
> Washington, D.C. 20005
> JKeating@beinsaxelrod.com

_____/s/_____
Brian K. Telfair (VSB No. 40516)
Phone: (804) 419-6761
Fax: (804) 864-5292
Email: BTelfair@GeeLawFirm.com
211 East German School Road
Richmond, Virginia 23224

Thomas Lucas, Esq. (VSB No. 27274)
Milena Radovic, Esq. (VSB No. 43655)
JACKSON LEWIS, PC
500 E. Main Street
Suite 800
Norfolk, VA 23510
Thomas.Lucas@jacksonlewis.com
Milena.Radovic@jacksonlewis.com