UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| HANNAH CRAMER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARKESIA, INC., et al., <br><br> Defendants. | Case No. 3:18-cv-00039 |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION
TO PLAINTIFFS' PETITIONT FOR ATTORNEYS' FEES**

Defendants' Opposition makes several primary contentions: First, that no fees should be awarded for time or expenses incurred as to the six opt-in plaintiffs who were not paid in January. Second, that the hourly rate requested is about $100 to high. Third, that an award of interest is not appropriate. Finally, Defendants oppose a bill of costs in the amount of $304.52 for one unavoidable travel expenses for one of the opt-in plaintiffs. Each contention will be addressed in turn.

**The Requested Fees Are For Time Reasonably Spent in Forcing Defendants to
Comply With Its FLSA Obligations and With the 2018 Court-Approved Settlement**

Defendants' try to stretch the Court's April 26, 2019, Order (ECF No. 285- Sealed) too far. The Court's ruling, both in ECF No. 285 and in the oral ruling to all counsel in chambers, recognized that Defendants would be obligated to compensate undersigned counsel for the time spent in enforcing the Court approved settlement. Were it not for those efforts, the six opt-ins who

attended the April 25, 2019, proceedings would still not be paid, and the Defendants would still be flouting their obligation to make the second installment in a timely manner. While the Court found that neither side had breached its obligations under the Court approved settlement, none of the Plaintiffs were found to have done anything that justified the late payment. Thus, the fees and expenses incurred as to the six unpaid opt-ins could really be seen as time spent in connection with the original settlement. There is no reason to deny fair compensation to counsel simply because Defendants found a way to put up a hurdle that required more legal work after the settlement was approved. Indeed, coupled with the Defendants' position that an interest award is inappropriate, Defendants would get away with delaying payment for about four months for the six opt-ins from the April 25th hearing and delaying by three months payments to all 32 opt-ins. In Defendants' view, the only price they should pay for such delays would be at most about $4,000. See page 4 of Opposition, where Defendants claim that 10.2 hours (versus the 22.5 sought by undersigned counsel) is the most that should be awarded even "giving Plaintiffs the benefit of every imaginable doubt." That is a good bargain for a group of Defendants that did not live up to the obligations of a Court approved settlement and would still not be living up to them were it not for the 22.5 hours of work by undersigned counsel.

    It is further noted that undersigned counsel has continued to expend time and effort since the April 25th hearing, both in preparing fees petition filings and in personally distributing the checks that Defendants cannot be trusted to handle on their own. Even more such effort and expense will be required to distribute the July 1 installment for all 32 opt-ins. All that time, effort, and expense will likely go uncompensated.

**The Requested Hourly Rate is Reasonable**

Defendants contend that $400 per hour is a reasonable rate instead of the $500 sought by Plaintiffs' counsel. Defendants rely on a Declaration from Richmond private practice attorney Richard F. Hawkins to support the $400 rate. Plaintiffs are not seeking, despite the implication by Hawkins and Defendants, a "Washington DC" rate. Indeed, the "Laffey Matrix" often used in the District Court for the District of Columbia would set the rate at $544. Plaintiffs make reference to the *lower* end of the "Vienna Metro Matrix" partly in recognition that this enforcement proceeding was not as complex as the litigation in the *Vienna Metro* case. And Plaintiffs also pointed out that those are 2011 figures and that we sought no inflation adjustment for them.

Hawkins did not cite any order from district courts in Virginia in which he sought and/or was granted a $400 rate for employment litigation work.

Despites Hawkins's implication, Plaintiffs do not only rely solely on the *Vienna Metro* matrix. It certainly gives a guidepost though. To further support the reasonableness, Plaintiffs submitted the Curwood Declaration.

Hawkins cites *Hair Club for Men, LLC v. Ehson*, 2017 WOL 1250998 (E.D. Va. April 3, 2017, O'Grady, J.). *Hair Club for Men* granted fees on the lower end of the *Vienna Metro* matrix because the *Hair Club for Men* case was not as complex as the litigation in *Vienna Metro* matrix. That is all Plaintiffs seek here. That eight years have passed since that matrix was issued makes the lower end very fair to apply in the Richmond market.

Hawkins further states that the Curwood Declaration submitted by Plaintiffs undermines the request for the $500 rate because Curwood himself stated that he has an hourly rate of $475. Curwood did not state that is the rate that he seeks in or has been granted in fees petitions. It is well established that a higher hourly rate is appropriate in contingency work because the plaintiffs' attorneys carry the risk of not recovering anything at all.

All factors considered, $500/hour is a reasonably hourly rate.

**An Interest Award Is Appropriate**

Defendant contends that post-judgment interest is not appropriate because "there is no judgment in this case." ECF No. 287, at p.5.

This enforcement proceeding arose from a November 26, 2018, Court order approving the settlement in this matter. At that time, the settlement took the force of a Court judgment; it was *not* an "out of court" settlement. The Court's April 26, 2019, Order on the enforcement proceedings explicitly stated "Plaintiffs shall submit supplemental briefing on the issue of the award of attorneys' fees and post-judgment interest." ECF No. 285 (Sealed), at page 2. As the Court will recall, undersigned counsel raised the issue of post-judgment interest in chambers and Defendants' attorneys did not claim then that there was no judgment on which to seek interest.

Trying to avoid paying any interest on its late payments is yet another way that Defendants try to reduce their liability for its delays. Interest is appropriate on the second installment of settlement proceeds because Defendants will have the money in their bank accounts for three months longer than allowed by the 2018 Court approved settlement. It is fair that Plaintiffs be given the full time value of that money instead of Defendants.

**Opt-in Plaintiff Kobi Rener's Costs Were Necessarily Incurred**
**In the Enforcement of the Court Approved Settlement Order**

The Court's March 27, 2019, Order (ECF No. 280) ordered Rener to appear at the April 25th hearing. In early 2019, Rener had relocated to New Orleans. The Court did not conclude that Rener did anything to justify the three month delay in receiving her first installment. She was the only one of the six opt-in plaintiffs ordered to appear for the hearing that necessarily incurred any

4

more than ordinary expenses. Plaintiffs and their counsel have not made an unreasonable request for such reimbursement. Once again, Defendants want to push more and more of the financial burden of Plaintiffs' effort to enforce their rights onto those Plaintiffs. These Defendants cannot be given an inch, or in this specific instance $304.52, or else they will find a way to continue taking advantage of these Plaintiffs.

Respectfully submitted,

_____/s/_____
Justin P. Keating
VA Bar #75880
BEINS, AXELROD, P.C.
1717 K St. NW
Suite 1120
Washington DC 20006
202.328.7222
202.328.7030 (fax)
jkeating@beinsaxelrod.com

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2019 a true and accurate copy of the foregoing was electronically filed with the Clerk's Office and served using this Court's electronic filing system, upon:

Thomas M. Lucas (VSB No. 27274)
Kristina H. Vaquera, Esq. (VSB No. 43655)
Milena Radovic, Esq. (VSB No. 91000)
Jackson Lewis, PC
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
thomas.lucas@jacksonlewis.com
vaquerak@jacksonlewis.com
milena.radovic@jacksonlewis.com

Brian K. Telfair
The Gee Law Firm
211 East German Rd.
Richmond, Virginia 23224
btelfair@geelawfirm.com

By: _____/s/\_\_\_\_|\_\_
Justin P. Keating