IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

HANNAH CRAMER, et al.,

Plaintiffs,

v.                                                                                  Case No. 3:18-cv-00039

ARKESIA, INC. d/b/a CLUB ROUGE; et al.,

Defendants.

_____/

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL**

Pursuant to Local Rule 5 of the United States District Court for the Eastern District of Virginia, Defendants ARKESIA, INC. d/b/a CLUB ROUGE; CIRCLE 2, INC. d/b/a DADDY RABBITS; CIRCLE 2, INC. d/b/a CANDY BAR; IMAGINARY IMAGES, INC. d/b/a PAPER MOON; BTF3 LLC d/b/a PAPERMOON; M.G.B., INC. d/b/a PURE PLEASURE; PICCADILLY GRILL & BUFFET, INC. d/b/a BABYDOLLS; and/or any other entities affiliated with or controlled by ARKESIA, INC. d/b/a CLUB ROUGE; CIRCLE 2, INC. d/b/a DADDY RABBITS; CIRCLE 2, INC. d/b/a CANDY BAR; IMAGINARY IMAGES, INC. d/b/a PAPER MOON; BTF3 LLC d/b/a PAPERMOON; M.G.B., INC. d/b/a PURE PLEASURE; PICCADILLY GRILL & BUFFET, INC. d/b/a BABYDOLLS; and WILLIAM ANDREAS PYLIARIS (collectively the "Defendants"), respectfully move for the entry of an Order allowing the Defendants to file under seal Defendants' Memorandum of Law in Opposition to Plaintiffs' Second Motion to Enforce Settlement Agreement. As required by this rule, a proposed Order is attached.

In further support of this Motion, the Defendants state as follows:

1.  The Fourth Circuit has held that a district court "has supervisory power over its

own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests . . . ." *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (internal quotation marks omitted)). Although there is a presumption in favor of public access to court records, the court may seal court filings if it (1) "provide[s] public notice of the request to seal and a reasonable opportunity for interested parties to object; (2) consider[s] less drastic alternatives to sealing the documents; and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for requesting the alternatives." *Id*.

2.  The requirement of public notice has been satisfied by the Defendants filing on the public record this motion to seal including its grounds in support. E.g., *May v. Medtronic Inc.*, 2008 WL 1328765 at *1 (D.S.C. May 15, 2006) (applying *Ashcroft*).

3.  The Settlement Agreement and accompanying documents in this action were filed under seal. [See generally ECF Docket Nos. 241-259].

4.  Defendants' Memorandum of Law in Opposition to Plaintiffs' Second Motion to Enforce the Settlement Agreement contains references to the Settlement Agreement and accompanying documents which were filed under seal.

5.  Specifically, in ordering the parties to file the Settlement Agreement and accompanying documents under seal, the Court noted that "the public interest in promoting out-of-court settlements and the Parties' interest in non-disclosure of confidential, personal, and business-proprietary information outweighs the public's right to access the confidential settlement agreement in issue." [October 17, 2018 Order, ECF Docket No. 246].

6. The requested remedy – to file memorandum of law under seal – is far from drastic and is the only reasonable measure that will ensure compliance with the Court's previous orders that the Settlement Agreement and accompanying documents be filed under seal.

7. Given the foregoing, the Defendants have satisfied the Ashburn factors, especially because they do not seek to keep the existence of the motion to enforce the settlement agreement confidential, but only an order maintaining the status quo so that documents that were previously ordered to be filed under seal remain under seal.

Accordingly, the Defendants respectfully ask this Court to grant this motion and enter an order granting leave to file under seal the Defendants' Memorandum of Law in Opposition to Plaintiffs' Second Motion to Settlement Agreement.

Respectfully submitted,

ARKESIA, INC. d/b/a CLUB ROUGE; CIRCLE 2, INC. d/b/a DADDY RABBITS; LVP, INC. d/b/a CANDY BAR; IMAGINARY IMAGES, INC. d/b/a PAPER MOON; BTF3 LLC d/b/a PAPERMOON; M.G.B., INC. d/b/a PURE PLEASURE; PICCADILLY GRILL & BUFFET, INC. d/b/a BABYDOLLS; and/or any other entities affiliated with or controlled by ARKESIA, INC. d/b/a CLUB ROUGE; CIRCLE 2, INC. d/b/a DADDY RABBITS; CIRCLE 2, INC. d/b/a CANDY BAR; IMAGINARY IMAGES, INC. d/b/a PAPER MOON; BTF3 LLC d/b/a PAPERMOON; M.G.B., INC. d/b/a PURE PLEASURE; PICCADILLY GRILL & BUFFET, INC. d/b/a BABYDOLLS; and WILLIAM ANDREAS PYLIARIS

By Counsel

_____/s/_____
Brian K. Telfair (VSB No. 40516)
The Gee Law Firm
Phone: (804) 226-4111
Fax: (804) 864-5292
Email: BTelfair@geelawfirm.com
6029 Midlothian Turnpike
Richmond, Virginia 23225

Thomas Lucas, Esq. (VSB No. 27274)
Milena Radovic, Esq. (VSB No. 43655)
JACKSON LEWIS, PC
500 E. Main Street
Suite 800
Norfolk, VA 23510
Thomas.Lucas@jacksonlewis.com
Milena.Radovic@jacksonlewis.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of September, 2019, I will file the foregoing with the

Clerk of Court using the CM/ECF system, which will then send a notification of such filing

(NEF) to the following:

> Lloyd Ambinder, Esq.
> VIRGINIA & AMBINDER, LLP
> 40 Broad Street, 7th Floor
> New York, New York 10004
> LAmbinder@vandallp.com
>
> J. Keating, Esq.
> BEINS, AXELROD PC
> 1030 15th Street NW #700e
> Washington, D.C. 20005
> JKeating@beinsaxelrod.com

_____/s/_____
Brian K. Telfair (VSB No. 40516)
The Gee Law Firm

Phone: (804) 226-4111
Fax: (804) 864-5292
Email: BTelfair@geelawfirm.com
6029 Midlothian Turnpike
Richmond, Virginia 23225

Thomas Lucas, Esq. (VSB No. 27274)
Milena Radovic, Esq. (VSB No. 43655)
JACKSON LEWIS, PC
500 E. Main Street
Suite 800
Norfolk, VA 23510
Thomas.Lucas@jacksonlewis.com
Milena.Radovic@jacksonlewis.com